(No. 23328.—

THE PEOPLE *ex rel.* Edward J. Barrett, Auditor of Public Accounts, *vs.* THE FIRST STATE BANK AND TRUST COMPANY OF CANTON.—(U. G. ORENDORFF, Appellant, *vs.* WILLIAM L. O'CONNELL, Receiver, Appellee.)

*Opinion filed October 14, 1936.*

McCULLOCH, McCULLOCH & McLAREN, (HUGH W. McCULLOCH, of counsel,) for appellant.

GLENN RATCLIFF, and SCOTT W. LUCAS, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant seeks by direct appeal a reversal of the order of the circuit court of Fulton county dismissing his claim against appellee as receiver of the First State Bank and Trust Company of Canton, Illinois. His claim arises out of two contracts entered into between him and the bank

while it was being operated, by which he purchased from the bank certain securities owned by it on the promise of the latter to re-purchase the same at a fixed price on his demand, or, in any event, as to one purchase not later than January 1, 1935, and as to the other not later than January 1, 1936. These contracts were authorized by the board of directors of the bank, the first on January 1, 1932, authorizing the sale of securities in the sum of $84,987.61, and also authorized the vice-president of the bank to execute the agreement to re-purchase. On August 20, 1932, the board of directors adopted another resolution similar in effect, arranging for the sale to appellant of securities in the sum of $50,672.50, with a similar agreement to re-purchase them. These were to be re-purchased not later than January 1, 1936. From the date of the last agreement the bank carried an item of $135,660.11 as contingent liability. This item related to the securities sold to appellant. It sent copies of both re-purchase agreements to the Auditor of Public Accounts, and no objection was made to them.

The bank was closed under the general moratorium of March 3, 1933, and was not re-opened. A receiver was appointed for it on October 8, 1933. Appellant filed his claim with the receiver on December 29, 1933, and made demand that he carry out the contracts of the bank to re-purchase these securities. Later, appellant sold the securities purchased from the bank for $25,802.50, and at the time of the hearing claimed $116,289.03 was due him under the re-purchase contracts. His claim was dismissed by the circuit court on the ground that the contracts were *ultra vires* and contrary to section 4 of the act of 1879 for the protection of bank depositors. (Smith-Hurd Stat. 1935, chap. 38. par. 64.) Appellant contends here that section 4 of the Banking Depositors' Protection act is invalid, and also that the contracts in this case were not *ultra vires* the bank, and that in any event he is entitled to recover.

In support of appellant's claim of invalidity of section 4 of the Bank Depositors' Protection act, it is urged here that section 4 is an amendment to the statute in relation to banks and banking and is invalid because never submitted to a vote of the people, as required by section 5 of article 11 of the constitution. That constitutional provision is: "No act of the General Assembly authorizing or creating corporations or associations with banking powers, whether of issue, deposit or discount, nor amendment thereto shall go into effect or in any manner be enforced unless the same shall be submitted to a vote of the people at a general election next succeeding the passage of the same, and be approved by a majority of all the votes cast at such election for or against such law." This section of the act has nothing to do with the organization of corporations or associations with banking powers nor with any act of the General Assembly amending existing laws on that subject. It is not an act creating corporations or associations with banking powers but is penal in its nature. Various sections of this act have previously been before this court for consideration, and it has been uniformly held that they do not constitute an amendment to the Banking act and so do not come within the constitutional provision for determination by a vote of the people. *Hoffman* v. *Sears Community State Bank,* 356 Ill. 598; *McQueen* v. *Randall,* 353 id. 231; *People* v. *Gould,* 345 id. 288.

Section 4 of the act under attack here is as follows: "It shall not be lawful for any savings bank, individual or individuals doing banking business, banking company, or incorporated bank receiving savings deposit, or deposits of trust funds, to assume the payment of, or to become liable for, or to guarantee to pay the principal of, or interest on, any bonds, notes or other evidence of indebtedness of, for, or on account of any person or persons, company or incorporation; and in any assumption, liability or guarantee, whereby such deposits or trust funds could be jeopardized

or impaired shall be null and void." While this section does not carry a penalty it does pronounce the public policy of the State, and can no more constitute an amendment of the Banking act than the other sections previously considered by this court. It was enacted long before the Banking act became a law and does not purport to amend any banking act. The constitutional objection of the act is not valid.

That these contracts come directly within section 4 of the act referred to seems clear. This court in *Knass* v. *Madison and Kedzie State Bank,* 354 Ill. 554, held such contracts invalid as against public policy and beyond the corporate powers of the bank to perform.

Counsel for appellant earnestly argue that these contracts are different from those in the *Knass case* and that the action brought here is a different kind of suit, and that therefore a different principle should be applied. While there are factual differences the principle involved is the same. They are contracts guaranteeing to appellant the purchase price for securities and so come within the prohibition of this act, and lie beyond the power of the bank to perform.

Counsel argue that these contracts cannot be classed as contingent liabilities, as was true in the *Knass case,* because they were in any event to be fulfilled by the bank on certain specified dates, while in the *Knass case* the securities might never be returned. The contingency which the statute inveighs against arises not alone from the question whether the securities will be re-purchased, but the possibility of loss through depreciated values of the securities at the time the bank re-purchases them in accordance with the contract. Looking back upon the transaction in this case, it is seen that the securities depreciated from over $135,000 in value to a value somewhat in excess of $25,000. This is a situation which section 4 seeks to prevent. There is no discernible difference in principle between these con-

tracts and those arising in the *Knass case,* and the circuit court was right in so holding. Nor is appellant entitled to recover notwithstanding the invalidity of his contract. He purchased the securities, took them into his possession and later sold them. The bank's contract was invalid, and no claim can now arise against depositors based on a void contract.

The order of the circuit court dismissing appellant's claim is correct and is affirmed. · *Order affirmed.*