People of the State of Illinois ex rel. Edward J. Barrett, Auditor of Public Accounts of the State of Illinois, Plaintiff, v. Rockford Trust Company, Defendant. R. J. Kelley, Appellant, v. Charles H. Albers, Receiver of Rockford Trust Company, Appellee.

Gen. No. 9,328.

Opinion filed August 30, 1938.

HYER & GILL, of Rockford, for appellant.

DAVID SKALITZKY, of Chicago, and WELSH & WELSH, of Rockford, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

A. J. Kelley, the appellant, filed an intervening petition in the case of *People of the State of Illinois v. Rockford Trust Company*. The original petition was filed against the Rockford Trust Company, a banking corporation, for the liquidation of said bank. The record contains a copy of the petition filed by the auditor of public accounts and the decree rendered by the circuit court of Winnebago county upon the hearing of the case. Plaintiff alleges in his petition that on or about August 5, 1928, he sought to purchase from the Rockford Trust Company, good first mortgages on real estate, but was told by the officers of the bank that good first mortgages were not available at that time and that he should take, and did take special assessment bonds until the first mortgages could be obtained; that he later went to the bank for the purpose of purchasing first mortgages and was again informed that they had no mortgages and was pursuaded to take other special assessment bonds with the understanding that when good first mortgages were available the special assessment bonds would be returned to the bank and exchanged for good first mortgages; that the appellant frequently made demands for the exchange of these securities but the bank always stated they did not have any mortgages available; that in 1932 appellant went to the officers of the bank and threatened to sue them and compel them to give him first mortgages in ex-

change for his assessment bonds, but the officers persuaded him not to bring suit and promised that they would make the exchange as the appellant had demanded. The exchange was never made and the bank was placed in the hands of a receiver in March, 1936.

The appellant offered to return all of the bonds which he had received from the Rockford Trust Company and asked that he be given a claim against the bank. The prayer of the petition is as follows: "Wherefore, petitioner prays that his claim may be allowed against the Rockford Trust Company and Charles H. Albers, as receiver thereof, for payment in the due course of the administration of said receivership, in the sum of $5,000.00 with interest thereon of 6% from the date of the respective payments to the said Rockford Trust Company, less such amount as petitioner may have received by or on account of the ownership of said securities as set forth herein."

The receiver filed his answer, admitting many of the allegations of the petition but denying others. The last part of the answer is as follows: "Charles H. Albers further answers petitioners and says that in the event any officer or officers, employee or employees, agent or agents of the Rockford Trust Company did have any such conversation or make the promises or enter into the agreements as set forth in the petition, that they or any one of them at such time or times had no power, right, or authority so to do and bind the Rockford Trust Company thereby, and denies that the petitioner is entitled to any relief whatever."

A hearing was had before the court on the petition and answer. The evidence sustained the allegations of the petition but the claim was disallowed. It is from this order that the appeal is prosecuted to this court.

The appellee insists that the law applicable to this case is clearly stated in the cases of *Knass v. Madison & Kedzie Bank*, 354 Ill. 554; and *People v. First State*

*Bank & Trust Co.,* 364 Ill. 294. The appellant insists that these cases are not applicable because the record in the present case does not show that the Rockford Trust Company was a banking institution and carried on a banking business. In this the appellant is in error. On page three of the record we find that the petition filed by the auditor for the liquidation of this bank sets forth that the Rockford Trust Company was incorporated under the General Banking Act and granted authority to do a general banking business, to loan money on personal or real estate, and to accept and execute personal trusts. On page 19 of the record, which is part of the decree of the court, there is a finding that the Rockford Trust Company was so organized and on page 20 we find that the court decrees that from the date of the Rockford Trust Company's organization until the second day of March, 1936, it conducted a general banking business and accepted and executed trusts in the city of Rockford, Illinois. The circuit court of Winnebago county has expressly decreed that the Rockford Trust Company is a general banking institution and carried on a general banking business.

The appellant in his petition asked that he be given leave to return to the bank the bonds which had been delivered to him and in lieu thereof he be granted a claim for the purchase price of the bonds less certain deductions. To do this, in effect, would be a guarantee of the Rockford Trust Company to the purchaser that they would repurchase from him at the face value, the bonds which the appellant had purchased. While the facts in the present case are not exactly the same as in *Knass v. Madison & Kedzie Bank, supra,* or *People v. First State Bank, supra,* the principal is identically the same. That is, that the purchaser of the securities is attempting to return them to the bank and compel the bank, or receiver, to pay him the purchase price there-

for. Section 64, ch. 38, Smith-Hurd Ill. Ann. Stats. [Ill. Rev. Stat. 1937, ch. 38, § 64; Jones Ill. Stats. Ann. 10.53], provides as follows: "It shall not be lawful for any savings bank, individual or individuals doing banking business, banking company, or incorporated bank receiving savings deposit, or deposits of trust funds, to assume the payment of, or to become liable for, or to guarantee to pay the principal of, or interest on, any bonds, notes or other evidence of indebtedness of, for, or on account of any person or persons, company or incorporation; and in any assumption, liability or guarantee, whereby such deposits or trust funds could be jeopardized or impaired shall be null and void."

It is insisted that the answer of the receiver in the present case does not clearly set forth the defense of ultra vires. The answer denies that the officers or agents could bind the Rockford Trust Company to the contract as alleged. This clearly presented the question of whether the contract was prohibited by the statute and is not the defense as commonly raised by plea of ultra vires.

It is our conclusion that the agreement in question is in effect a guarantee to repurchase the securities sold to the appellant, but is prohibited by statute, and the court properly found that the same could not be enforced. The decree of the circuit court of Winnebago county is hereby affirmed.

*Decree affirmed*