OLIVE HENLINE WOOD
*v.*
THE CITY OF CHICAGO *et al.*

*Opinion filed October 26, 1903—Rehearing denied December 2, 1903.*

1. APPEALS AND ERRORS—*when the Supreme Court cannot entertain appeal.* The Supreme Court has no jurisdiction of a direct appeal in a proceeding to prevent enforcement of an ordinance requiring frontage consents for the establishment of a hospital, where the only questions involved are whether power to pass the ordinance was given by statute and whether the ordinance was reasonable.

2. SAME—*Supreme Court has jurisdiction if ordinance infringes constitutional right.* The Supreme Court has jurisdiction of a direct appeal in a proceeding to prevent the enforcement of an ordinance interfering with or denying an alleged constitutional right.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

EDMUND H. SMALLEY, for appellant.

CHARLES M. WALKER, Corporation Counsel, and WILLIAM D. BARGE, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is a suit in equity begun by appellant, Olive Henline Wood, in the circuit court of Cook county, by filing her bill to enjoin the appellees, the city of Chicago and Peter Kiolbassa, commissioner of buildings of the said city, from interfering with the alteration of appellant's building and the construction of an addition there-

to in accordance with a building permit issued to her on July 11, 1902, and revoked by said building commissioner on July 15, 1902. The court sustained a demurrer to the bill, and appellant electing to stand by her bill, it was dismissed for want of equity at her cost, and she prosecuted an appeal directly to this court.

Upon an examination of the record we find no ground upon which we are authorized to assume jurisdiction of this appeal. The bill alleges that complainant owns a lot, with a building thereon, in the city of Chicago; that being desirous of adding to the building and making certain changes therein, she submitted the plans of her architect to the health department of the city and the building commissioner, who approved the same; that a permit was issued authorizing her to make such addition and changes; that the commissioner of buildings attempted to revoke said permit for the reason that the building was to be used as a hospital, and it would be necessary for the complainant to get the consent of property owners in the block and on the opposite side of the street, as required by an ordinance of said city, and that the defendants threatened to interfere with and prevent the building of the addition and altering the building in accordance with the permit. It alleges that no authority has been granted to the city of Chicago by the act under which it is organized, to pass an ordinance requiring frontage consents for the establishment of hospitals, and that the ordinance is unreasonable, arbitrary and oppressive, and therefore void. The controversy relates only to the validity of the ordinance, and the questions involved are, whether power to pass any ordinance on the subject has been conferred by statute, and whether the ordinance requiring frontage consents is an unreasonable interference with complainant's right of property.

It is not claimed that any franchise or freehold is involved in the appeal. We are authorized to take jurisdiction of an appeal from the circuit court where the

validity of a statute is involved, but an ordinance is not a statute, and we have no jurisdiction of this appeal under that provision. While an ordinance is a law of the municipality which ordains and enforces it, it is purely local, for the regulation of affairs within such municipality, and is distinguished from general laws and statutes. It is true that the enforcement of an ordinance may involve a construction of the constitution, and we may be authorized to assume jurisdiction of an appeal upon that ground. An ordinance may be an attempted interference with a constitutional right which is in dispute, and the construction of the constitution may be necessary to determine the validity of the ordinance. (*City of Chicago* v. *Trotter*, 136 Ill. 430.) In such a case it is immaterial whether the denial of a constitutional right is in a statute or an ordinance passed by virtue of a statute. (*City of Chicago* v. *Netcher*, 183 Ill. 104.) In this case there is no controversy as to the construction of any provision of the constitution, and a decision as to the validity of the ordinance does not involve a construction of the constitution. In *Cicero Lumber Co.* v. *Town of Cicero*, 176 Ill. 9, an ordinance was involved, but it was contended that the statute authorizing municipalities to provide for pleasure driveways was unconstitutional and void. The validity of the statute was involved in that case. In *City of Chicago* v. *Collins*, 175 Ill. 445, the validity of a wheel tax ordinance of the city of Chicago was involved, but the ordinance was regarded as levying a tax to raise a fund for the improvement of streets, which amounted to a double tax on the same property. The ordinance was held to levy a tax upon specific articles of personal property which were also assessed at their value for general taxation, and the case, therefore, related to revenue. This case does not come within any provision of the statute authorizing a direct appeal to this court.

The appeal is dismissed.          *Appeal dismissed.*