THE MASONIC FRATERNITY TEMPLE ASSOCIATION

*v.*

THE CITY OF CHICAGO *et al.*

*Opinion filed October 24, 1905.*

1. APPEALS AND ERRORS—*allegation that an ordinance is unjust does not raise constitutional question.* An allegation in a bill for an injunction that a certain ordinance is unjust, unreasonable and oppressive does not present a constitutional question.

2. SAME—*how a constitutional question should be raised.* A constitutional question is not presented to the Supreme Court unless it was raised in the lower court in some proper manner and is covered by the assignments of error.

3. SAME—*effect where a proposed amendment alleges unconstitutionality of ordinance.* An assignment of error upon the court's refusal to allow an amended bill alleging the unconstitutionality of an ordinance to be filed raises only a question of practice, and does not present a constitutional question which authorizes the Supreme Court to take jurisdiction of a direct appeal from a decree dismissing the original bill.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

JUDAH, WILLARD & WOLF, and ALLEN G. MILLS, for plaintiff in error.

JOHN W. BECKWITH, and WILLIAM H. SEXTON, (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for defendants in error.

Mr. JUSTICE RICKS delivered the opinion of the court:

This was a bill for injunction, filed by the Masonic Fraternity Temple Association as complainant, charging that the city of Chicago, and George Williams, its commissioner of buildings, and Francis O'Neill, the chief of police, had forcibly and without right closed certain lodge and meeting halls in its building, known as the "Masonic Temple," and refused complainant and its tenants the right to use them for

the purposes for which they were constructed and had theretofore been used, and alleging that the defendants claimed the right to do so under and by virtue of a city ordinance of the city of Chicago, because of an alleged violation of the city ordinances in the matter of stairway accommodations in the buildings. Upon notice given to the defendants a hearing was had and a temporary injunction issued. Thereafter, and on November 21, 1904, the city council amended the building ordinances in relation to buildings used for the purposes of assemblages of persons, etc. Complainant thereupon filed its supplemental bill, setting forth the facts of the passage of the amended ordinance. The city thereupon filed its answer to the original bill and supplemental bill, and entered its motion for the dissolution of the temporary injunction. After the argument of the motion the complainant presented and asked leave to file an amendment to its supplemental bill, which was denied. The allegations of the supplemental bill are, that the requirements of the ordinance passed "on the 21st day of November, 1904, are unjust, unreasonable and oppressive, in so far as the same are applicable to said building owned by your petitioner." The court, after denying leave to file the amended or supplemental bill, entered its decree finding that there was no equity in the original and supplemental bills, and that neither was susceptible of amendment so as to entitle the complainant to the relief prayed for, and sustained the motion to dissolve the temporary injunction and dismissed the bills for want of equity, and this writ of error is prosecuted from that decree.

It does not appear from the pleadings that the construction of the constitution was involved and no constitutional question is raised by the assignment of errors attached to the record, and upon examination of the record we are unable to find any ground upon which we are authorized to assume jurisdiction of this appeal. The bill simply alleges that the ordinance is "unjust, unreasonable and oppressive,"

and as was said in *Wood* v. *City of Chicago,* 205 Ill. 70, "the controversy relates only to the validity of the ordinance. * * * It is not claimed that any franchise or freehold is involved in the appeal. We are authorized to take jurisdiction of an appeal from the circuit court where the validity of a statute is involved; but an ordinance is not a statute, and we have no jurisdiction of this appeal under that provision. While an ordinance is a law of the municipality which ordains and enforces it, it is purely local, for the regulation of affairs within such municipality, and is distinguished from general laws and statutes. It is true that the enforcement of an ordinance may involve a construction of the constitution, and we may be authorized to assume jurisdiction of an appeal upon that ground." The construction of the constitution cannot, in such case, be involved without an allegation in the bill in some manner raising the question, nor can the question be raised in this court unless there is such an assignment of errors attached to the record. (*Griveau* v. *South Chicago City Railway Co.* 213 Ill. 633.) While the proposed amendment to the supplemental bill does set out that the ordinance is in violation of the constitution of the United States and the constitution of the State of Illinois, yet it is manifest a constitutional question could not be raised on the refusal of the court to grant such an amendment, as the refusal of the court to allow the amendment would merely raise a question of practice or procedure, which would not be affected by the contents of the proposed amendment and would not confer jurisdiction on this court.

We are satisfied that this case does not come within any provision of the statute authorizing a direct appeal or writ of error to this court. The writ of error is therefore dismissed.

*Writ dismissed.*