(No. 13052.—Cause transferred.)

The McNeil & Higgins Co. Appellant, *vs.* The Neenah Cheese and Cold Storage Company, Appellee.

*Opinion filed December 17, 1919.*

1. Appeals and errors—*question of constitutionality of statute cannot be raised for first time in Supreme Court.* The question of the constitutionality of a statute cannot be raised for the first time in the Supreme Court but must have been called to the attention of the trial court and ruled upon by it, and proper exceptions to the ruling must be preserved.

2. Same—*assignments of error must be based upon the record.* Assignments of error must be based upon the record itself and not merely upon the argument of counsel.

Appeal from the Municipal Court of Chicago; the Hon. Harry Olson, Judge, presiding.

Edward J. Kelley, for appellant.

Charles J. Faulkner, Jr., Walter C. Kirk, and J. C. Spence, for appellee.

Mr. Justice Carter delivered the opinion of the court:

This suit was brought in the municipal court of Chicago by appellant to recover damages alleged to have been sustained by it on account of the failure of appellee to deliver 300 boxes of cheese which would be satisfactory to appellant. The record shows that after an agreement was entered into to deliver such cheese, appellee shipped a car-load of cheese, containing 300 boxes, to Chicago to be delivered to appellant. Appellant on inspection did not approve and accept the cheese. On the trial in the municipal court the issues were found for appellee, and appellant has brought the case directly to this court on appeal.

Apparently the only ground for the direct appeal is that the constitutionality of the Uniform Sales act is here questioned. It is unnecessary to state the terms of the contract

concerning the shipment of cheese or refer to the testimony, for the reason that it appears from an inspection of the record that counsel for appellant did not raise the question of the constitutionality of the statute in the court below and that the trial court did not pass upon the validity of the act. We find that counsel for appellant objected to questions asking what the custom or usage was, on the ground that there could be no general usage or custom that would conflict with the State laws or abrogate a contract, but so far as we can ascertain from the record, appellant did not question the constitutionality or validity of the Uniform Sales act. At the close of all the evidence counsel for appellant moved to strike out all the testimony with reference to the alleged custom or usage, saying: "First, on the ground that it is apparent from the testimony that it is unreasonable; second, that it is not in conformity with the law; third, that it is not shown to be general; fourth, that it is not shown to be in contemplation of the parties or that it was known to the people in that line of business or to the plaintiff at the time the contract was entered into. Failure to deliver the cheese we bought,—that is what our action is for." In the assignment of errors in this court counsel for the first time questions the constitutionality of the Uniform Sales act. This court has uniformly held that "the question of the constitutionality of a statute cannot properly be raised for the first time in a court of review but must have been called to the attention of the trial court and ruled upon by it, and the person challenging its validity must have preserved proper exceptions to such ruling." (*Cummings* v. *People,* 211 Ill. 392. To the same effect see *Griveau* v. *South Chicago City Railway Co.* 213 Ill. 633, and *Moses* v. *Royal Indemnity Co.* 276 id. 177.) The assignments of error must be based upon the record itself and not merely upon the argument of counsel or on the fact that the question might have been raised in the pleadings or during the trial. *Masonic Temple Ass'n* v. *City of Chi-*

*cago,* 217 Ill. 58; *People* v. *Cannon,* 236.id. 179; *City of Sullivan* v. *Central Illinois Public Service Co.* 287 id. 19.

On the record before us the appeal should not have been taken directly to this court but to the Appellate Court. This court being without jurisdiction, the cause will be transferred to the Appellate Court for the First District, and the clerk of this court will transfer to the clerk of the Appellate Court for that district all the files in this case, together with the order transferring the cause.

*Cause transferred.*