(No. 15559.—Cause transferred.)

THE VILLAGE OF LAKE ZURICH, Defendant in Error, *vs.*
FREDERICK DESCHAUER *et al.* Plaintiffs in Error.

*Opinion filed December 19, 1923.*

1. APPEALS AND ERRORS—*what necessary to authorize a case involving validity of ordinance to be taken directly to Supreme Court.*
The jurisdiction of the Supreme Court to entertain direct appeals
from or writs of error to the circuit court where the validity of
an ordinance is involved is limited to cases wherein the trial judge
shall certify that in his opinion the public interests so require or
wherein the decision as to the validity of the ordinance requires a
construction of the constitution.

2. SAME—*what questions do not give jurisdiction on direct review.* The mere questions as to whether an ordinance is unreasonable, unjust or oppressive are not sufficient to give the Supreme
Court jurisdiction on direct review.

3. SAME—*direct appeal or writ of error cannot be entertained
merely to construe statute.* The Supreme Court cannot entertain
a direct appeal or writ of error where merely the construction and
not the validity of a statute is involved.

WRIT OF ERROR to the Circuit Court of Lake county;
the Hon. CLAIRE C. EDWARDS, Judge, presiding.

HERREN & HERREN, for plaintiffs in error.

A. F. BEAUBIEN, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The village of Lake Zurich, defendant in error, recovered a judgment of $50 against Frederick Deschauer and
Elmer Deschauer, plaintiffs in error, before a police magistrate. On appeal to the circuit court of Lake county a judgment was rendered against them for $60. A writ of error
has been sued out of this court to review that judgment.

Plaintiffs in error conduct a notion store and news stand
and soda fountain, and sell candy, cigars, tobacco, etc., and
during the summer months make and sell ice cream. They

310—14

carry on their business in the village of Lake Zurich. They are both honorably discharged soldiers of the late war and one of them is clerk of the village. The ordinance under which they were prosecuted fixed a license tax of $75 for the year 1921, and the plaintiffs in error paid that amount under protest for the privilege of selling and vending ice cream. During the year 1922 the village amended the ordinance and fixed the license tax at $50, which plaintiffs in error refused to pay and the village brought suit before the police magistrate to recover the same.

On examination of this record and the questions presented for decision we find no ground upon which we are authorized to assume jurisdiction of this writ of error. Section 118 of chapter 110 of our statutes expressly limits the jurisdiction of this court to hear direct appeals from or writs of error to the circuit court where the validity of an ordinance is involved, to cases wherein the trial judge shall certify that in his opinion the public interests so require, or wherein the decision as to the validity of the ordinance requires a construction of the constitution. (*People* v. *Clean Street Co.* 225 Ill. 470.) The record contains no such certificate of the trial judge and requires no construction of the constitution in the decision of the case.

The grounds upon which the plaintiffs in error complain of the judgment are: (1) That the ordinance denies to honorably discharged soldiers of the late war the exemption from taxation that the legislature in the spirit of humanity has extended; (2) the ordinance is unreasonable and prohibitive; and (3) it is not founded upon any principle of public policy conducive to public health, morals or necessity.

The first ground of objection involves the construction of paragraph 673 of chapter 24 of our statutes, which is an act privileging honorably discharged soldiers and sailors to peddle, vend or hawk without a license. A writ of error sued out of this court and directed to a lower court

cannot be considered here when merely the construction and not the validity of a statute is involved. (*Gross* v. *People,* 95 Ill. 366; *Pearson* v. *Zehr,* 125 id. 573; *People* v. *Cannon,* 236 id. 179.) There is no question raised on this record as to the validity of this or any other section of the statute.

The other two grounds as argued simply make the charge that the ordinance is unreasonable, unjust, oppressive and unnecessary. It has been expressly held by this court that such questions or objections to an ordinance do not give this court jurisdiction by direct appeal or writ of error. (*Masonic Fraternity Temple Ass'n* v. *City of Chicago,* 217 Ill. 58.) In *Wood* v. *City of Chicago,* 205 Ill. 70, we said: "The controversy relates only to the validity of the ordinance. * * * It is not claimed that any franchise or freehold is involved in the appeal. We are authorized to take jurisdiction of an appeal from the circuit court where the validity of a statute is involved, but an ordinance is not a statute, and we have no jurisdiction of this appeal under that provision. * * * It is true that the enforcement of an ordinance may involve a construction of the constitution and we may be authorized to assume jurisdiction of an appeal on that ground." There is no constitutional question whatever argued in the briefs and arguments. This case is not one relating to the revenue, as fines, forfeitures or other dues to the city are not "cases relating to the revenue" within the meaning of the Practice act. *Webster* v. *People,* 98 Ill. 343.

There is no question that gives this court jurisdiction. This writ of error is therefore ordered to be transferred to the Appellate Court for the Second District.

*Cause transferred.*