(No. 17858.—Cause transferred.)
OTTO F. VONESH et al. Appellants, vs. THE CITY OF
BERWYN et al. Appellees.

*Opinion filed February 16, 1927.*

1. APPEALS AND ERRORS—*when question of constitutionality of zoning ordinance is not involved.* An appeal from a decree dismissing for want of equity a bill to enjoin the enforcement of a zoning ordinance cannot be taken directly to the Supreme Court on the ground that the ordinance is unconstitutional, where it does not appear from the pleadings that a construction of the constitution is involved and no constitutional question is raised by the assignment of errors attached to the record.

2. SAME—*question not presented to trial court cannot be reviewed.* The Supreme Court reviews the record made in the trial court, and to properly preserve a question for review the attention of the trial court must be called to it.

APPEAL from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

OTTO KERNER, and JAMES S. WIGHT, for appellants.

OLIVER C. HEYWOOD, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellants filed their bill in the superior court of Cook county praying that an injunction issue against the city of Berwyn and certain officials thereof, restraining them from enforcing the provisions of a zoning ordinance and interfering with the erection by appellants of an apartment building. Issue was joined, a hearing had and a decree entered dismissing the bill for want of equity. The appeal is prosecuted to this court on the ground that the ordinance is unconstitutional.

It does not appear from the pleadings that a construction of the constitution is involved and no constitutional question is raised by the assignment of errors attached to

the record. This being true, no constitutional question is presented. (*Masonic Fraternity Temple Ass'n* v. *City of Chicago,* 217 Ill. 58.) This court reviews the record made in the trial court, and to properly preserve a question for review the attention of the trial court must be called to it. *McNeil & Higgins Co.* v. *Neenah Co.* 290 Ill. 449.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*