(No. 21909.—

SAM HOFFMAN, Appellee, *vs.* THE SEARS COMMUNITY STATE BANK, Appellant.

*Opinion filed June 15, 1934.*

LEDERER, LIVINGSTON, KAHN & ADLER, (SIGMUND LIVINGSTON, of counsel,) for appellant.

ABRAMS & ABRAMS, (ABRAHAM H. MALLER, and MAURICE ABRAMS, of counsel,) for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The appellee (hereinafter called the plaintiff) brought an action against the appellant (hereinafter called the defendant) in the municipal court of Chicago, first class, to

recover for money claimed to be due the plaintiff from the defendant upon a contract to re-purchase certain real estate bonds sold by the defendant to the plaintiff.

The plaintiff's cause of action is based solely upon a writing appearing at the end of an invoice which is set forth *in hæc verba* in the statement of the claim and which in effect is: "Community State Bank sold to Sam Hoffman $3000 par value Ind. View Bldg. at 99, $2970, accrued interest from May 1 to July 28 at six per cent, $43, total $3013." At the foot of this invoice, which was delivered by the defendant to the plaintiff, there appears the following memorandum: "We will re-purchase these bonds at any time at 99 and pay you five per cent interest on your investment, the coupons to belong to us.—B. L. Zinder, Cashier." On July 2, 1931, the Community State Bank consolidated with the Sears Community State Bank. The statement of claim alleged that on August 5, 1931, and prior to bringing the suit, the plaintiff tendered the bonds, with the unpaid coupons Nos. 13 and 14, to the defendant and made formal demand upon it that it re-purchase the bonds pursuant to the above written agreement.

Several defenses were interposed by the defendant, some of which were as follows: (1) That the agreement to re-purchase the bonds was *ultra vires;* (2) that the supposed contract was against the public policy of this State; and (3) that said agreement was, in effect, a guaranty of the bonds; that the Community State Bank and the defendant bank at all times from the beginning of business held large sums of savings deposits and deposits of trust funds, and the re-purchase agreement was in violation of section 4 of an act of the legislature entitled "An act for the protection of bank depositors," in force July 1, 1879. Trial was had before the court without the intervention of a jury. Propositions of law were submitted to the court by both sides and the plaintiff recovered judgment for $2976.87.

The cause was taken to the Appellate Court. The judgment of the trial court was affirmed, and the record now comes here for review upon writ of *certiorari*.

There is practically no dispute about the facts. The plaintiff purchased the bonds from the Community State Bank. At the time he asked if the bank would guarantee them, and the cashier said the bank would, and wrote the memorandum of re-purchase on the bottom of the invoice. The plaintiff paid for the bonds. He afterwards used the same bonds for collateral for a loan and collected all the coupons except the two tendered to the defendant. The evidence showed there was no memorandum of any kind on the records of the Community State Bank relative to this alleged liability of the bank; that the value of the bonds and the real estate mortgaged to secure the same had depreciated to a marked extent, and that both banks, from the time they severally commenced business, have had savings deposits of large amounts and deposits of trust funds.

It is urged by the plaintiff that section 4, *supra,* (Cahill's Stat. 1933, chap. 38, par. 41, p. 992; Smith's Stat. 1933, chap. 38, par. 64, p. 1008;) has been repealed by the enactment of the general Banking law of 1919. In support of that contention it is urged that section 4 is inconsistent with sections 1, 9 and 10 of the general Banking act, in that section 4 imposes a limitation upon the powers of banks. There is no inconsistency between the several sections 1, 9 and, 10 and section 4 when the object and purposes of the Banking act and of said provision of the Criminal Code are considered as a whole. Section 4 is a part of the act of 1879 adopted for the protection of bank depositors. In the case of *People* v. *Gould,* 345 Ill. 288, it was urged that the act of 1879 was inconsistent with the Banking act of 1919 and therefore repealed by implication. It was there held that the act of 1879 was not inconsistent with the Banking act of 1919 and that the act of 1879 was not repealed by the Banking act of 1919.

The plaintiff further contends that section 4 is unconstitutional, being violative of section 5 of article 11 of the State constitution. The plaintiff did not in the trial court, by his pleadings, by the submission of any proposition of law or in any other manner, challenge or attempt to challenge the constitutionality of section 4. No issue was made in the Appellate Court as to the constitutionality of section 4 by motion to transfer the cause to this court nor was the issue in any other manner called to the attention' of that court. By submitting the cause to the Appellate Court the plaintiff waived all questions as to the constitutionality of the statute. (*Armour & Co.* v. *Industrial Board,* 275 Ill. 328.) For the first time in the course of this litigation is such constitutional question sought to be raised in this court. The attention of the trial court not having been directed to such question and a ruling obtained thereon from that court, such constitutional question is not properly before this court. (*McNeil & Higgins Co.* v. *Neenah Co.* 290 Ill. 449; *Davis* v. *Industrial Com.* 297 id. 29; *Phelps* v. *Board of Appeals,* 325 id. 625.) Moreover, no cross-errors are assigned upon the record, and the constitutionality of such statute cannot be questioned in this court unless there is an assignment of error raising such question. (*Vonesh* v. *City of Berwyn,* 324 Ill. 483.) On the record here presented this court cannot pass upon the constitutional question now sought to be raised.

The contract in question, upon which the plaintiff bases his claim against the defendant, is similar to the contract of re-purchase considered by this court in *Knass* v. *Madison and Kedzie State Bank,* 354 Ill. 554. The contract was there held to be prohibited by law and not enforceable against a banking corporation organized under the laws of this State. We see no reason to depart from the conclusion reached in that case and we adhere to the legal conclusions reached therein.

The judgments of the Appellate Court and the municipal court are severally reversed, and inasmuch as there is no substantial controversy as to the facts in the record, judgment will here be entered in favor of the defendant and against the plaintiff for costs.

*Judgments reversed and judgment here.*