Adolph Raymond, Appellant, v. Village of River Forest, Walter Gabel, Village President, and Carl Soderlin, Chief of Police of River Forest, Appellees.

Gen. No. 45,965.

Opinion filed April 14, 1953. Rehearing denied May 1, 1953. Released for publication May 4, 1953.

JACOBS & LIEBERMAN, of Chicago, for appellant; EUGENE LIEBERMAN, of Chicago, of counsel.

SEAGO, PIPIN, BRADLEY & VETTER, of Chicago, for appellees; DONALD L. VETTER, of Chicago, of counsel.

MR. PRESIDING JUSTICE ROBSON delivered the opinion of the court.

Plaintiff filed his complaint in equity to enjoin the enforcement of an ordinance of the Village of River Forest alleging that it violated both the federal and state constitutions, and further that the Village had no power to enact the ordinance, which prohibits the operation of automatic coin-operated phonographs. The ordinance, which was adopted on October 17, 1949, reads as follows:

"Section 40. *Coin operated amusement devices, juke boxes, etc. prohibited. Penalty.*

"(a) Devices prohibited. It shall be unlawful for any person to keep or use for gain or public use within the Village of River Forest any amusement device the operation of which is governed or controlled by the deposit of a coin or token. The term 'amusement device,' the operation of which is governed or controlled by the deposit of a coin or token, shall include any phonograph, piano player, music box, juke box or other instrument or device capable of producing or reproducing any vocal or instrumental sounds, which is governed or controlled by the deposit of a coin or token.

"(b) Penalty. Any person who shall violate the provisions of this Section shall be fined not less than ten dollars nor more than two hundred dollars for each offense, and each day that a violation continues shall constitute a separate offense.

"(c) Seizure. It is hereby made the duty of every policeman to seize any device kept or used in violation of this Section. Any person obstructing or resisting any policeman in the performance of any act authorized by this Section shall be fined not less than twenty-five dollars nor more than two hundred dollars for each offense."

██ The trial court entered a decree upholding the validity of Paragraphs A and B, decreeing that Paragraph C was invalid and dismissed the complaint. Plaintiff appealed to the Supreme Court. The appeal was transferred to this court because there was no certification by the trial court that the public interest required a direct appeal. Ill. Rev. Stat. 1951, chap. 110, par. 199, sec. 75 [Jones Ill. Stats. Ann. 104.075].

██ Defendants contend in their additional brief filed in this court that the only substantial questions raised by plaintiff are attacks on the constitutionality of the ordinance and that this court does not have jurisdiction to decide such questions. An examination of the briefs and record filed by plaintiff indicates that

certain contentions raised apply to the validity of the ordinance. In the case of *City of Greenville v. Nowlan,* 279 Ill. App. 311, it was held that where the trial judge did not certify that the public interest required a direct appeal to the Supreme Court, the Appellate Court could decide the question of the validity of the ordinance. The decision in the *City of Greenville* case is conclusive and this court has the power to decide the question of the validity of the ordinance in question.

To properly understand the issues we must summarize the pleadings. The complaint, as amended, alleges that plaintiff is engaged in operating coin-operated music boxes used for producing recorded music of artistic merit; that plaintiff has invested great sums of money in the business; that he enjoys and would enjoy substantial profit if it were not for defendants' unlawful acts; that prior to October 17, 1949, music boxes were provided to certain owners of restaurants in River Forest as a form of entertainment; that plaintiff has never furnished any record of a song that would be harmful to the public safety or morals or health; that the machines are so designed that the music is heard only within the place of business where installed; that at divers times after October 17, 1949 (the date of the adoption of the ordinance), police officers of the defendant Village have notified plaintiff and his lessees that he must cease operation of his music boxes or they would seize and confiscate the music boxes; that plaintiff's business in said Village has been destroyed and he has been deprived of his profits and suffered irreparable damage; that the ordinance is not within the authority granted to cities and villages; that plaintiff is without adequate remedy at law; that plaintiff needs an injunction writ to restrain the seizure of his property or the interference with his operation and other relief.

To the complaint defendants filed an answer and motion to dismiss. They allege that the plaintiff has no cause of action in equity; that he is not a resident or engaged in business in River Forest; that he has an adequate remedy at law and that the ordinance is valid. They also allege that River Forest is largely a residential community, containing large areas devoted to parks and schools; that the business area is limited and no intoxicating liquor is sold, nor is there any theater or bowling alley or billiard parlor in the Village; that it is well known that coin-operated music boxes tend to disturb the peace. The case was referred to a master in chancery.

The proof before the master substantiates the factual allegations of plaintiff's complaint. The master in his report found that the ordinance was a valid exercise of police power of defendant Village; that the plaintiff had an adequate remedy at law and that the loss of profits did not constitute an irreparable injury that could not be compensated for by money damages. Plaintiff filed his objections to the master's report, which stood as exceptions.

After hearing the argument on the exceptions, the trial court held that it would take jurisdiction to determine the validity of the ordinance in question; that the ordinance as far as Paragraphs A and B were concerned was a valid exercise of power by the Village; that Paragraph C thereof was invalid and unconstitutional; that the provisions of Paragraph C were separable from the other portions of the ordinance which were a valid exercise of the powers of the Village of River Forest, and that the plaintiff was not entitled to an injunction.

█ Plaintiff assigns errors and defendants' cross-errors, a part of which involved federal and state constitutional questions, which this court cannot consider, but it can consider the question as to whether or not

plaintiff is entitled to an injunction restraining the defendants from the enforcement of the ordinance and whether or not the ordinance is a valid exercise of the power of the Village.

 Insofar as the defendants' contention that the court should not take jurisdiction in equity to determine the validity of the ordinance in this case, this court held in *United Artists Corp. v. Thompson,* 339 Ill. 595, that a litigant

"had a right to call upon a court of Chancery to prevent, by injunction, confiscation of its property, without due process of law, under a void ordinance. Where there is any ground of equity jurisdiction, a court of equity, having acquired equitable jurisdiction to grant equitable relief, will retain the case to do complete justice between the parties as to all matters germane to such ground."

The trial court once having taken jurisdiction had the right to determine the validity of the ordinance in question.

 As to the plaintiff's contention that the ordinance is invalid, the Supreme Court of this State in the case of *Lamere v. City of Chicago,* 391 Ill. 552, held that coin-operated juke or music boxes are properly subject to regulation under the police powers of municipalities as provided for in the Revised Cities and Villages Act (Ill. Rev. Stat. 1951, chap. 24, sec. 23—54 [Jones Ill. Stats. Ann. 21.1685]). The court said on pages 558, 559:

"Section 41 of Article 5 of the former Cities and Villages Act (Ill. Rev. Stat. 1935, chap. 24, par. 65 (41),) was substantially the same as section 23—54 of the Revised Cities and Villages Act. The earlier act was construed as combining two separate and distinct powers, one of which was the power to regulate, suppress and prohibit, which was an exercise of the police

power; and the other, the power to raise revenue by taxing the subjects or objects described in the ordinance. It was held that either power could be exercised and put in force by means of license requirements and the payment of a license fee. (*City of Metropolis v. Gibbons,* 334 Ill. 431; *Metropolis Theater Co. v. City of Chicago,* 246 Ill. 20; *Harder's Storage Co. v. City of Chicago,* 235 Ill. 58.) Under the rule that a re-enacted statute will be given the same construction as that given the prior act which it follows, the present section 23—54, will also be held to delegate two separate and distinct powers the same as the former act. The reason for the rule is that the legislature is presumed to know the construction the statute has been given and by re-enactment it is assumed that it was intended that the new statute should have the same effect. *McGann v. People ex rel. Coffeen,* 194 Ill. 526; Lewis' Sutherland on Statutory Construction, 2d ed. secs. 268, 271, 273."

The court further stated at pages 560, 561:

"As stated, it is the musical instrument that is the subject of license and its use when licensed is not dependent upon the place or business where it is located. If an owner procures a license, he may locate it in a store, dance hall, night club, or any other place to which the public is impliedly invited. It is available for use by anyone who deposits a coin in the slot. There being opportunity for such a wide selection of locations and of records, it is obvious that the morals and welfare of the public would need some protection. The ordinance prohibits the playing of immoral and indecent selections, and directs that the licensing of the instrument does not include the privilege of operating it at any place or in any manner which will disturb the peace and quiet of persons outside the premises where it is located. It cannot be contended that such matters are not proper subjects for the exercise of the police power, for they may or may not be injurious to the public

86

morals or welfare according to the manner in which they are managed, conducted and regulated, and in order to secure the public it is proper to license them for the purpose of regulation."

This interpretation of the statute permits the defendant Village to either prohibit or license the use of the instruments involved in this case. The defendant Village in the proper exercise of its police powers decided to prohibit their use. We conclude that as far as Paragraphs A and B of the ordinance were concerned, they were a valid exercise of its powers and that the findings of the trial court were proper.

 As to Paragraph C of the ordinance, the Supreme Court of this State in the case of *United Artists Corp. v. Thompson,* 339 Ill. 595, in construing an ordinance of the City of Chicago that provided for the confiscation of a moving picture film when it was exhibited without having obtained a permit from the Board of Censors of the City of Chicago, held on page 601:

"The ordinance does not provide a forum for such confiscation nor does it provide for notice to the owner or other persons interested in the property sought to be confiscated. Due process of law in the regular course of judicial proceedings requires notice to the defendant before his property can be confiscated or condemned, as a matter of right and not of favor, and a law which purports to authorize condemnation or confiscation without notice confers no authority and is no justification for such condemnation or confiscation, even though, as a matter of fact, it may happen that he had knowledge of the proceedings. (*People v. Marquis,* 291 Ill. 121.) The portion of this section providing for confiscation is therefore unconstitutional, but it is not such an integral part of the ordinance that its invalidity will render the whole section of the ordinance void."

 An examination of Paragraph C reveals that no provision is made for notice to the owner or other

persons interested in the equipment seized nor is. a forum provided in which to try the rights of the parties. We are of the opinion that the same violation exists as did in the *United Artists Corporation* case and that this paragraph is invalid. The trial court properly held that this paragraph, however, is separable from Paragraphs A and B of the ordinance, which are a valid exercise of the police powers of the Village.

The decree of the trial court is affirmed.

*Decree affirmed.*

SCHWARTZ and TUOHY, JJ., concur.