(No. 33137.—

CLARENCE J. BELL *et al.,* Appellants, *vs.* THE SOUTH COOK COUNTY MOSQUITO ABATEMENT DISTRICT, Appellee.

*Opinion filed May 24, 1954—Rehearing denied September 20, 1954.*

JOHN F. TYRRELL, and LAWRENCE E. McGANN, both of Chicago, for appellants.

JACOB SHAMBERG, of Chicago, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This direct appeal presents the single question whether votes cast at a referendum election under the Mosquito Abatement Act (Ill. Rev. Stat. 1953, chap. 111½, pars. 74-85,) may be canvassed by a statutory election contest in the circuit court under the Illinois Election Code. (Ill. Rev. Stat. 1953, chap. 46, par. 23-24.) On the authority on *Heaney* v. *Northeast Park District,* 360 Ill. 254, which cannot be distinguished in principle from the instant case and which we decline to overrule, we answer this question in the negative and affirm the judgment of the trial court.

The facts are not in dispute and are substantially as follows: On November 4, 1952, in a general election of city, county, State and national offices, there was added, thirty days previous to said general election, a special election in the territory named, at which the following proposition was submitted to the voters therein: "Shall the territory consisting of all of the townships of Bloom, Rich, Thornton, Bremen, Orland, Lemont, Palos, Worth and Calumet and all of the Ninth (9th) Ward of the City of Chicago and all of those portions of the Tenth (10th) and Nineteenth (19th) Wards of the City of Chicago lying South of the Center line of 87th Street and of said Center line extended where said 87th Street is not platted or

opened, all of which territory is in the County of Cook, State of Illinois be organized as The South Cook County Mosquito Abatement District?"

After a protracted canvass of the vote, commenced on November 7, 1952, and concluded with a proclamation on March 12, 1953, the results showed 140,976 votes cast for and 86,383 votes cast against the proposition.

The plaintiffs-appellants, electors and qualified voters residing within the said South Cook County Mosquito Abatement District, filed a contest of the election in the circuit court of Cook County, alleging various gross frauds, errors, mistakes, illegal miscounting and negligence, and numerous violations of the election law and misfeasance and malfeasance of certain persons who acted as judges of said election. Thereafter, the district, appellee in this court, filed a motion to dismiss, based upon want of jurisdiction of the subject matter. The trial court sustained the motion and the contestants have prosecuted this appeal.

The canvass was conducted under the jurisdiction and auspices of the county judge. Appellants contended below and argue here that the referendum election is within the purview of article 23, section 24, of the Illinois Election Code (Ill. Rev. Stat. 1953, chap. 46, par. 23-24,) which provides a statutory proceeding for contesting elections within its purview. We find the section of the Code relied upon is a re-enactment of section 117 of the Election law as it stood in the year 1935 when this court decided *Heaney* v. *Northeast Park District,* 360 Ill. 254. In that case we held that the section did not bestow jurisdiction upon circuit courts or the superior court of Cook County in the contests of a referendum election for the organization of a park district and said, at page 259: "The provisions of section 117 of the Election law are intended to apply to such questions as may be submitted to voters within the territorial limits of an existing political subdivision of the State. To hold otherwise would be to permit two entirely

independent judicial inquiries as to the organization of a park district, one made by the county judge upon organization of the district and another by the circuit court upon an election contest. The statute expressly provides that the district shall be declared organized upon the act being complied with and the order of the county judge being entered, and this could be only a conditional declaration or an inconclusive judicial act if the subject matter remained open to collateral attack in another court."

We are importuned to overrule this decision; however, as we view it, the question is only one of statutory construction. Where this court has authoritatively construed a statute and that construction has not evoked an amendment of the statute by the General Assembly, it will ordinarily be presumed that the General Assembly has acquiesced in this court's exposition of the legislative intent. This presumption is much stronger when, as is the case here, not only has there been no repeal or amendment of the provision but it has been re-enacted. (*Lamere* v. *City of Chicago*, 391 Ill. 552; *Svenson* v. *Hanson*, 289 Ill. 242; *Raymond* v. *Village of River Forest*, 350 Ill. App. 80, 111 N.E. 2d 848; *Curtis* v. *Lowe*, 338 Ill. App. 463, 87 N.E. 2d 865; Lewis' Sutherland on Statutory Construction, 2d ed. secs. 268, 271, 273.) No such presumption attends the court's pronouncements on matters of common law, equity, or other general jurisprudence, or upon constitutional questions, for matters of common law, equity, and general jurisprudence have not been enacted by the legislature and the General Assembly cannot repeal a decision of this court upon a constitutional issue. But in neither the *Heaney case* nor the instant case has any constitutional question been presented.

Inasmuch, therefore, as section 23-24 of the Election Code is but a re-enactment of section 117, we hold now, as we held in the *Heaney case,* that, at least absent a charge of unconstitutional denial of the franchise, there is no

right apart from statute to a judicial recanvass (for that is what an election contest amounts to) of the results of an election; (*Dickey* v. *Reed,* 78 Ill. 261; *Bowen* v. *Russell, 272* Ill. 313,) that even if there were such a right, the purely statutory proceeding of an election contest does not afford an appropriate mode of its assertion unless the election is within the ambit of the statute authorizing such a contest; and that section 23-21 of the Illinois Election Code does not apply to referendum elections called with a view to organizing a political subdivision such as a park district or a mosquito abatement district which may overlap county lines.

The judgment of the circuit court of Cook County was correct and is affirmed.

*Judgment affirmed.*