**Aloysius Cisek, d/b/a Starlite Motel, Chester Bittner, d/b/a House of Pizza, John Nieckula, d/b/a One-Six Shell Service Station, Emil C. Stufflebeam and John Cent, Appellees, v. Village of South Holland, Illinois, a Municipal Corporation, and A. Douglas Gowens, Chief of Police, Appellants.**

Gen. No. 47,318.

First District, First Division.
September 29, 1958.
Released for publication October 23, 1958.

William Jacobs, of South Holland, for appellants.

Lyle, Havey & Gager, of Chicago, for plaintiffs-appellees.

JUSTICE ROBSON delivered the opinion of the court.

This is an appeal from an order declaring a Sunday closing ordinance inapplicable to the proprietor of a motel, the proprietor of a restaurant, and the proprietor of a filling station. The action for declaratory judgment was originally brought by five plaintiffs, three of whom own and operate businesses in the Village of South Holland and two of whom are property owners and residents of the Village, to challenge the validity and applicability of the ordinance. The trial court found that the ordinance was inapplicable to the three plaintiffs who own and operate businesses in the Village, but did not certify that the public interest

required a direct appeal to the Supreme Court. The Village has brought its appeal to this court. Both the pleadings and the briefs on appeal raise the question of the constitutionality of the ordinance. The primary question that this court must decide is whether it has jurisdiction to take the appeal.

The ordinance in question contains four separate provisions, the first of which renders illegal all "selling, dispensing, renting, or distributing" within the Village of South Holland on Sunday, with the further proviso that the section "shall not be applicable to the sale of drugs or medicine or other such articles or products as may be necessary to meet the emergency needs on Sunday of the residents of the Village of South Holland." The other three provisions relate to repair and maintenance work, personal services and ordinary labor, and also manufacturing and construction. The provision pertaining to manufacturing and construction, which is not involved here, is the only part of the ordinance which does not contain the "emergency needs" proviso. The order entered by the trial court reads as follows:

"The Court hereby declares as follows:

"1.)    That the ordinance commonly known as the Sunday Ordinance heretofore enacted by the Village of South Holland, Illinois and made a part of these proceedings is inapplicable as to the plaintiffs herein namely:

Aloysius Cisek d/b/a Starlite Motel
Chester Bittner d/b/a House of Pizza
John Nieckula d/b/a One-Six Shell Service Station

"2.)    That the respective businesses of the plaintiffs above named and each of them, are necessary businesses and the public welfare would not be served by preventing the pursuit of these businesses by the plaintiffs on Sunday.

"3.) That the said respective plaintiffs and each of them have the right to conduct their business on Sunday without the necessity of establishing the existence of an emergency."

■ Section 75 of the Civil Practice Act enumerates in the following language the instances upon which appeals shall be taken directly to the Supreme Court (Ill. Rev. Stat. 1957, chap. 110, par. 75(1)):

"Appeals shall be taken directly to the Supreme Court (a) in all cases in which a franchise or freehold or the validity of a statute or a construction of the constitution is involved, (b) in all cases relating to revenue, or in which the State is interested as a party or otherwise and (c) in cases in which the validity of a municipal ordinance or county zoning ordinance or resolution is involved and in which the trial judge certifies that in his opinion the public interest so requires."

Except for the addition, in 1955, of the language relating to county zoning ordinances, this subsection is substantially section 118 of the Practice Act of 1907. Prior to 1907 there was no provision for certification by the trial judge of appeals involving the validity of a municipal ordinance. Thus, in Wood v. City of Chicago, 205 Ill. 70 (1903), the Supreme Court dismissed an appeal involving the validity of a city ordinance on the ground that it had jurisdiction over such a question on direct appeal only where a construction of the constitution was involved. That decision marks an early recognition by our Supreme Court that the validity of an ordinance may be tested either with reference to a statute enacted by the legislature or with reference to the organic law of the State. After 1907, it became possible to appeal directly to the Supreme Court from a determination of the validity of a municipal ordinance not involving a construction of the constitution. The only prerequisite for such an

123

appeal is the certification of the trial judge that the public interest requires it. However, where it affirmatively appears from the record that the trial court passed on a constitutional question in determining the validity or invalidity of an ordinance, no certificate of the trial court authorizing a direct appeal is required. La Salle National Bank v. County of Cook, 12 Ill.2d 40 (1957); City of Monmouth v. Lawson, 408 Ill. 284 (1951); City of Bloomington v. Wirrick, 381 Ill. 347 (1942); City of Watseka v. Blatt, 381 Ill. 276 (1943). In the La Salle National Bank and Bloomington cases direct appeal was allowed; in the Monmouth and Watseka cases it was not.

No certificate was issued by the trial court in the instant case and this court is confronted with a dilemma.

In Humphrey Chevrolet, Inc. v. The City of Evanston, 7 Ill.2d 402 (1955), our Supreme Court passed on the validity of a Sunday closing ordinance similar in many respects to the ordinance now before us. There the court held that the ordinance constituted a valid exercise of the police power because it was based on a reasonable classification and because it applied uniformly to all members of the same class. While it appears clear that the court's attention was devoted to a construction of the constitution, the trial judge in that case had certified the appeal and no jurisdictional question was raised.

On the other hand, in Raymond v. Village of River Forest, 350 Ill. App. 80 (1953) (leave to appeal denied 351 Ill. App. xv), an appeal involving the validity of an ordinance was transferred from the Supreme Court to this court because the trial judge had failed to certify that the public interest required a direct appeal to the Supreme Court. The ordinance involved in that case prohibited the maintenance of coin-operated amusement devices within the Village of River Forest.

A complaint in equity was filed to enjoin the enforcement of the ordinance alleging that it violated both the federal and state constitutions. The trial court entered a decree upholding the validity of two paragraphs of the ordinance, but declaring a third invalid. This court affirmed the decree. We held that the first two paragraphs of the ordinance were a valid exercise of power granted the Village by the legislature in the Revised Cities and Villages Act (Ill. Rev. Stat. 1951, chap. 24), but that the third paragraph was confiscatory and invalid as a denial of due process under the holding of our Supreme Court in United Artists Corp. v. Thompson, 339 Ill. 595 (1930). Subsequently the Supreme Court denied leave to appeal from the decision of this court.

We are unable to resolve the instant case in a similar manner. As in Humphrey Chevrolet, Inc. v. The City of Evanston, supra, and Raymond v. Village of River Forest, supra, questions involving a construction of the constitution have been raised in the pleadings and again in the briefs on appeal. However, we cannot discern from the phrasing of the order entered by the trial court whether its ruling was based upon a construction of the constitution or upon a finding that three of the plaintiffs came within the "emergency needs" exclusion of the applicable provision of the ordinance. We are, therefore, constrained to reverse the order and remand the cause with directions to the trial court either to state specifically the basis of its ruling or to certify a direct appeal to the Supreme Court.

Order reversed and cause remanded with directions.

McCORMICK, P. J. and SCHWARTZ, J., concur.