## WIRT *v.* McENERY.

(*Circuit Court, N. D. Illinois.* May, 1884.)

1. PROPERTY IN A STREET-BED—DEDICATION—POWER OF ATTORNEY—ESTOPPEL.
    A power of attorney to sell and convey does not imply authority to the attorney to dedicate or give any part of the principal's property to the public; but, when the power is expressly to dedicate, the owner is estopped to deny the act of his agent.
2. SAME—VACATION BY CITY—WAIVER OF RESERVED RIGHTS.
    In the event of a street, previously dedicated to the city of Chicago, being vacated by an ordinance of the common council, such vacation to continue sc long, and so long only, as the ground shall be used for railroad purposes, a subsequent resolution, declaring the vacation absolute, is sufficient to operate as a waiver by the city of its reserved rights in the premises, notwithstanding the fact that the latter resolution was passed by a majority rather than two-thirds of the aldermen elected.
3. SAME—CONDITIONAL VACATING—EFFECT.
    When the city of Chicago assumes to vacate, even conditionally, a street previously dedicated to it, it loses all title with which it was vested by the act of platting.
4. SAME—TITLE—ABUTTING LOT-OWNER—REVERSION.
    By the vacating by the city of Chicago of a street previously dedicated to it, the title to the ground does not pass to the abutting lot-owner, but to the original owner of the land.

At Law.

*S. C. Judd* and *William Ritchie*, for plaintiff.

*J. P. & T. R. Wilson*, for defendants.

BLODGETT, J. This is an action of ejectment for the recovery of a strip of land in block 67, school-section addition to Chicago. The material facts essential to the disposition of the case, as I view them, are briefly these: In June, 1853, James Depuyster Ogden was the owner in fee of block 67, in school-section addition to this city. In May, 1852, he gave to William B. Ogden a power of attorney, authorizing him to sell and convey the block in question, and also to plat and subdivide the same in such manner as he should deem best to make it marketable, and to acknowledge and record any plat which he should so make, in conformity with the laws of the state. Acting under this power of attorney, Mr. Ogden, in the forepart of the month of June, caused this block to be surveyed, and laid out and subdivided into lots and streets; and on the sixteenth of June, 1853, the plat was duly acknowledged by Mr. William B. Ogden, as the attorney in fact of James Depuyster Ogden, and recorded in the office of the recorder of Cook county. Upon this plat was a street 60 feet wide, called Depuyster street. The plat and acknowledgment seem to be in all respects in conformity with the provisions of the statute, except that the subdivision is made and the plat acknowledged by the attorney in fact of the owner of the fee, rather than by the owner of the fee in his own person. On the twenty-eighth of July, 1862, the common council of the city of Chicago passed an ordinance vacating Depuyster street,

except a strip 20 feet wide in the center thereof, and this suit is brought by the plaintiff, as grantee of the heirs at law of James Depuyster Ogden, to recover from defendants the south 20 feet of said Depuyster street.

The defendants deny plaintiff's right to recover, (1) on the ground that the subdivision made in 1853 was not in accordance with the Illinois statute, because the plat was acknowledged by the agent and attorney in fact of the owner of the fee, and not by the owner himself in person; (2) that the ordinance vacating the north and south 20 feet of the street was conditional, and to be operative only so long as certain adjacent property was used for railroad purposes, and reserved the right of the city to enter upon the portions of the street so vacated for the purpose of laying down or repairing sewers or water-pipes.

In support of the first position defendants' counsel relies upon the case of *Gosselin* v. *City of Chicago*, 103 Ill. 623, where it was held that as the statutes of Illinois stood at the time this subdivision was made, and the plot thereof acknowledged and recorded, it was necessary that the plat should be acknowledged by the owner of the fee in person, and that it could not be done by an attorney in fact. I have examined this case carefully, and also an abstract introduced on this trial of the evidence in that case, and find that the power of attorney under which the subdivision was made in the *Gosselin Case* was only an ordinary power to sell and convey, while the power of attorney to Mr. W. B. Ogden, under which the subdivision and plat now in question were made, in express terms authorizes the attorney to make the subdivision and acknowledge and record the plat pursuant to the laws of this state; and this fact seems to me to sufficiently distinguish this case from the *Gosselin Case*. Here the owner of the fee contemplated a subdivision of his property into lots and streets under the law of Illinois, and clothed his attorney with authority to do so; and it seems to me there can be no valid reason assigned why it was not in the power of such owner to so act by an agent under the statutes of this state. It may be urged with some force, under the facts in the *Gosselin Case*, that a power of attorney to sell and convey does not imply authority to the attorney to dedicate or give any part of the principal's property to the public; but in so clear a case as this of an intention to so dedicate, I think the owner must be estopped to deny the act of his agent.

As to the second point raised, it appears without dispute that the common council of this city, on the twenty-eighth of July, 1862, passed an ordinance, the title and first section of which read as follows:

"An ordinance to vacate De Puyster street.  Be it ordained, etc.

"Section 1. That the street running east and west through block 67, school-section addition to Chicago, known as De Puyster street, except a strip of the same through the center thereof twenty feet in width, running from Canal

street east, a distance of one hundred and twenty feet, be and the same is hereby vacated and discontinued: provided, however, that such vacation and discontinuance shall continue so long, and so long only, as the same may be used for railroad purposes. And it is further provided, that the authorities of said city shall at all times have and possess, without charge or hinderance, the right to enter upon that portion of said street hereby vacated, or any part thereof, for the purpose of laying down or repairing either sewerage or water pipes."

And in December, 1882, the common council by resolution declared the portion of the street so vacated by the ordinance of 1862 to be absolutely vacated. I can give no other construction to this resolution than that it is a release of the reserved right to reopen the street to full width, in case the adjoining property should cease to be used for railroad purposes, and the right to enter upon the vacated portions of the street for the purpose of repairing or laying down sewer or water pipes. It is true, it was not passed by a two-thirds vote of all the aldermen elected, but it was passed by a majority; and it seems to me the two-thirds vote was not needed to release or waive this reserved right. In other words, it does not seem to me to require a two-thirds vote of the common council to waive any rights the city reserved as to this street.

I therefore conclude that by the operation of the ordinance and resolution there is an absolute vacation of all the street except a strip 20 feet wide in the center.

But if I am wrong in regard to the effect to be given to the resolution, I still think that under the ordinance the portions of the street vacated were so far vacated as to amount to an abandonment of the statutory dedication made by the owner. The owner of the property dedicated it in conformity with the statute to the public for a street, and the statute operated upon such dedication to pass the fee to the city of Chicago. When the city abandoned this dedication to public use, or if it had refused to accept it, the title, it seems to me, reverted to the original owner. I doubt if the city can make a partial vacation of a street which shall operate as an abandonment of the property for the public use which the owner of the fee in laying it out intended, and yet retain the fee; but I think that, on the contrary, when the city assumed to vacate this street, even conditionally, it lost all title with which it had been vested by the act of platting.

In *Canal Trustees v. Havens*, 11 Ill. 554, it was held that when the owner of land subdivides the same into blocks, lots, streets, alleys, etc., the fee of the streets passes to the municipality; and in *Hyde Park v. Borden*, 94 Ill. 26, it was held that on the vacation of a street or alley, where the fee had passed to the corporation by the making and recording of a plat, the fee reverted to the original owner, who had dedicated it to the public, and not to the abutting owner.

The facts in this case seem to me to bring it clearly within these two cases. By making, acknowledging, and recording the plat, the fee passed to the city of Chicago; by the vacation of the street, the fee

reverted to the heirs of the original owner.    They have conveyed the fee to the plaintiff and he is clothed with all their rights.

But it is further urged, in the light of the authority of many cases outside of this state, that on the vacation of this street the title passed to the defendants, who were the owners of the abutting lot. I think it is sufficient to say, in answer to this position, that since the decision of *Canal Trustees* v. *Havens* the rule in that case and that in *Hyde Park* v. *Borden* have become a rule of property in this state.    It must be admitted that under nearly similar statutes to that of Illinois, the courts of other states have held that on the vacation of a street or highway the title goes to the abutting owner; but there can be no doubt that a different rule prevails in this state, and I think it has been so long asserted that it has become a rule of property, and therefore this case should be determined in accordance with the decisions of the courts of this state.

The defendants are therefore found guilty, as charged in the declaration, and the fee of the 20-foot strip immediately west of and adjoining lot 16, block 67, school-section addition, (the property in controversy,) is found to be in the plaintiff.