THE PEOPLE *ex rel.* Joseph H. Greer, Plaintiff in Error, *vs.* THE CITY OF CHICAGO *et. al.* Defendants in Error.

*Opinion filed February 19, 1909.*

1. APPEALS AND ERRORS—*a constitutional question must be preserved for review and argued in briefs.* To justify the Supreme Court in taking jurisdiction upon the ground that a constitutional question is involved such question must be preserved for review upon the record and be argued in the brief of counsel for the appellant or plaintiff in error, otherwise the question will be deemed to have been waived.

2. SAME—*court cannot take jurisdiction upon mere statement that constitutional question is involved.* The Supreme Court can not take jurisdiction upon the mere statement of counsel that a constitutional question is involved, as it is not the duty of the court to search the constitution to discover some basis upon which jurisdiction to entertain the proceeding can be sustained.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

JOHN J. HEALY, State's Attorney, (A. B. CHILCOAT, of counsel,) for plaintiff in error.

EDWARD BRUNDAGE, Corporation Counsel, JOHN J. BEILMAN, and EMIL C. WETTEN, for defendant in error the city of Chicago.

MATTHEW P. BRADY, for defendant in error the Servite Fathers of West Chicago.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of Cook county in the name of the People, by the State's attorney of said county, upon the relation of Joseph H. Greer, against the city of Chicago and others, to have that court determine that an ordinance passed by the city council of the city of Chicago whereby a certain street and certain alleys in said city had been vacated was void. The court

sustained a demurrer to the bill, and the complainant having elected to stand by his bill it was dismissed for want of equity, and the complainant has sued out a writ of error from this court to review the action of the circuit court.

The only question involved in this court for decision is the validity of the said ordinance, the disposition of which question does not necessarily require the determination of any question by this court which will permit this case to be brought directly to this court by writ of error or appeal. The case is upon its facts substantially like the cases of *Parker* v. *Catholic Bishop of Chicago,* 146 Ill. 158, and *People* v. *Wieboldt,* 233 id. 572, which cases came to this court through the Appellate Court. It seems, however, to be the view of the plaintiff in error that this writ of error was properly sued out from this court on the ground that a constitutional question is involved.

In the bill it is averred the action of the city council in vacating said street and alleys was in conflict with certain provisions of the constitution. No constitutional question is raised, however, by the assignment of errors attached to the record filed in this court, and while it is said in the brief of the plaintiff in error the action of the city council in vacating said street and alleys was unconstitutional, no ground for holding the act of the city council in vacating said street and alleys unconstitutional is pointed out in the plaintiff in error's brief and argument. It is not sufficient, to give this court jurisdiction, to say a constitutional question is involved, but such question must be actually involved, and it must be preserved for review upon the record filed in this court, (*Griveau* v. *South Chicago City Railway Co.* 213 Ill. 633,) and a question preserved for review in this court which is not argued in the briefs of the party bringing the case to this court will be deemed to have been waived. It is not the duty of this court, upon the statement of counsel, alone, that a constitutional question is involved, to search the constitution for the purpose of finding

some basis upon which the jurisdiction of this court in a case brought directly to it by a writ or error or by appeal can be sustained, but jurisdiction in this court should clearly be made to appear upon the face of the record, and when such question does appear it should be fully argued in the brief of counsel for plaintiff in error or appellant, otherwise it will be deemed to have been waived.

This court being without jurisdiction, the clerk of this court will transmit the transcript and the files, with the order of transfer, to the clerk of the Appellate Court for the First District.                    *Writ of error transferred.*