The People of the State of Illinois, ex rel. Joseph H. Greer, Plaintiff in Error, v. The City of Chicago et al., Defendants in Error.

### Gen. No. 15,944.

1.  STREETS AND ALLEYS—*when city may vacate.*  If an ordinance does not by its terms vacate a plat but vacates portions of a street and alleys, the ordinance is valid without a deed of vacation by lot owners, and the question of what motives may have influenced the city council in adopting such ordinance will not be judicially inquired into but the presumption will be indulged in favor of the validity of such ordinance that there was a public necessity for its adoption.

2.  STREETS AND ALLEYS—*when ordinance of vacation not void.*  If owners of lots by a vacation are not deprived of the use of an alley in the rear of their lots, or of access to and from the public streets of the city, the courts will not say as a matter of law that the mere inconvenience to which they are put by the changes made by an ordinance of vacation, is such a clear abuse of the discretion vested in the city council as to justify the holding of such ordinance void.

3.  STREETS AND ALLEYS—*when portion of ordinance of vacation*

*void. Held,* that an ordinance vacating portions of a street and alleys which contained a proviso that in a certain contingency such ordinance should be void, was, as to such proviso, and as to an attempted reservation of a right to maintain a sewer and water pipes in the vacated portions of such street and alleys, unauthorized by law and invalid.

Bill in chancery. Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed April 18, 1910.

**Statement by the Court.** This was an amended bill in chancery filed in the name of the People of the State of Illinois by the State's Attorney of Cook county on the relation of Greer, a citizen and elector of Chicago, in his own behalf as well as that of the general public, to have adjudged void and invalid a certain ordinance of the city of Chicago purporting to vacate a portion of South Troy street and portions of two alleys leading thereto, and to enjoin said defendants from doing any act which should interfere with the use by the public of the portions of said street and alleys which said ordinance purported to vacate. The defendants demurred to said amended bill, their demurrers were sustained, and the complainant electing to abide, the amended bill was dismissed for want of equity. To reverse said decree complainant sued out in the Supreme Court a writ of error and the cause was, by order of that court, transferred to this court.

The amended bill alleges in substance that in 1872 the then proprietors of certain lands surveyed and platted the same, acknowledged and recorded a plat thereof, which was accepted by the city of Chicago and duly recorded; that thereby the streets and alleys shown by said plat were dedicated to public use, etc.; that that portion of South Troy street shown on said plat between Jackson boulevard and Van Buren street lies between block 7 of said subdivision on the east and block 8 on the west; that the alleys in question extend across said block 8 from South Troy street to

Kedzie avenue; that the defendant, the Servite Fathers of West Chicago, is a corporation, was in possession of all of block 7 and maintained a church and school thereon, and was also in possession of that part of block 8 which abuts on said South Troy street; that October 29, 1896, the city council of Chicago passed an ordinance which was approved by the mayor and is as follows:

"Be it ordained by the city council of the City of Chicago: Section 1. That that portion of South Troy street, bounded on the South by the North line of West Van Buren street, on the East by the West line of Lot 7 of James Couch's Subdivision of North one-half (N. ½), South one-half (S. ½), Northwest one-quarter (N. W. ¼ ), Section 13, 39, 13; on the North by the South line of Jackson Boulevard, and on the West by the East line of Block 8, James Couch's Subdivision of the North one-half (N. ½), South one-half (S. ½), Northwest one-quarter (N. W. ¼), Section 13, 39, 13; also that part of the first 16-foot alley South of Jackson Boulevard, beginning at the West line of South Troy street and extending 122.76 feet west; also that part of the first 16-foot alley North of West Van Buren street, beginning at the West line of South Troy street and extending 122.76 feet west, as shown in the space colored pink and marked 'to be vacated' in the attached plat, which for greater certainty is made a part of this ordinance, be and the same are hereby vacated and closed, provided, however, that if any part of the street or alleys so vacated shall at any time hereafter be used for any other than religious or educational purposes, then and in such case this ordinance shall be void, and the said vacation shall be for naught held; and provided further that the City of Chicago shall at all times have the right to maintain and operate any and all water pipes and sewers in said street and alleys.

"Section 2. This ordinance shall take effect and be in force from and after its passage; provided, however, that the owner or owners of the property abutting upon the street and alleys hereby vacated shall within thirty (30) days after the passage of this ordi-

nance file with the Recorder of Deeds of Cook County, Illinois, a copy of this ordinance and the plat attached thereto.''

The bill then avers that said corporation filed for record a copy of said ordinance with the plat attached thereto, which plat is set out in the bill.

It is further alleged in substance that said ordinance is in violation of section 3, article VIII of the constitution; that it is void because no petition therefor was filed or deed of vacation made by the lot owners in said subdivision, and also because it shows on its face that the object and purpose thereof was to vacate said street and alleys for private use and to give said corporation property rights in said street and alleys, etc.; that said corporation has taken possession of the portions of said street and alleys so vacated; that the purpose of the passage of said ordinance by said council was to donate to said corporation the portions of said street and alleys mentioned in said ordinance for the purpose of diverting public property to a private use; that said South Troy street had been a public street, in which were sidewalks, a sewer and water pipes.

JOHN J. HEALY, for plaintiff in error; A. B. CHILCOAT, of counsel.

MATTHEW P. BRADY, EDWARD J. BRUNDAGE, JOHN J. BEILMAN and EMIL C. WETTEN, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The power to vacate streets and alleys is given to the city council of cities by paragraph 7 of article V of the Cities and Villages Act. The ordinance does not by its terms vacate a plat, but vacates portions of a street and alleys, and no deed of vacation by the lot owners was required. It is not contended that the ordinance was not adopted in the manner prescribed by chapter 145, R. S.

Whether the motives which influenced the city council in adopting the ordinance in question are proper, cannot be judicially inquired into. People ex rel. Friend v. Wieboldt, 233 Ill. 572. It is to be presumed in favor of the validity of the ordinance that there was a public necessity for the action of the city council, and this presumption is not negatived or overcome by the language of the ordinance or by any fact stated in the bill. The allegations of the bill as to the object and purpose of the ordinance are but conclusions of the pleader and therefore are not admitted by the demurrer. If the title to the portions of the vacated street and alleys vested in the owners of the abutting property, it so vested by operation of law.

It appears from the plat, which is a part of the bill, that the alleys, portions of which were vacated by the ordinance, run to Kedzie avenue on the west and are connected immediately west of the portions so vacated by a north and south alley, so that from the rear end of each lot abutting on the unvacated portions of said alleys there is an alley sixteen feet wide leading to Kedzie avenue. The relator Greer and the other owners of said lots were not deprived of the use of an alley in rear of their lots, or of access to and from the public streets of the city, and this court cannot say, as a matter of law, that the inconvenience to which they are put by the changes made by the ordinance is such a clear abuse of the discretion vested in the city council as to justify this court in holding the ordinance void. People v. Wieboldt, *supra.*

The statute gave to the council the power to vacate the street and alley and the ordinance provides that certain specified portions thereof "be and the same are hereby vacated". Then follows the provision that if any portion of the street or alley so vacated shall at any time thereafter be used for any other than religious or educational purposes, the ordinance shall be void, and the proviso reserving to the city of Chi-

cago the right to maintain water pipes and sewers in said street and alleys.

We think that the ordinance was operative as a vacation of the portions of the street and alley which by its terms were vacated, and that the proviso that in a certain contingency the ordinance should be void and the attempted reservation of a right in the city to maintain a sewer and water pipes in the vacated portions of said street and alleys were unauthorized by law and invalid. Cooper v. Detroit, 42 Mich. 584; Wirt v. McEnery, 21 Fed. 233; Cheshire Turnpike v. Stevens, 10 N. H. 133.

The amended bill of complaint does not, in our opinion, state facts entitling the complainant to the relief sought by the bill, and the Circuit Court did not err in sustaining the demurrer and dismissing the bill for want of equity, and the decree will be affirmed.

*Affirmed.*