City of Greenville, Appellant, v. John Nowlan, Appellee.

Opinion filed March 4, 1935.

STANFORD S. MEYER, City Attorney, for appellant.

C. E. DAVIDSON, of Greenville, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

This is a motion to dismiss an appeal from the county court of Bond county, seeking to reverse a judgment in favor of appellee, rendered in a prosecution brought by appellant, City of Greenville, to enforce the provisions of an ordinance prohibiting unmuzzled dogs from running at large under certain circumstances.

The grounds urged for dismissal are that the validity of the ordinance is involved, under section 2 of article 2 of the constitution, hence the Appellate Court has no jurisdiction of the appeal; also, that the Supreme Court is the only tribunal where a review of a cause involving the validity of a municipal ordinance can be had, and then only when there is a certificate of the trial judge that the public interests require such review, as provided by section 75 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 203. It further asserts that no such certificate being a part of the record, the cause cannot be transferred to the Supreme Court. The motion also sets out the ordinance in *haec verba.*

As to the proposition that the authority to review a case wherein the validity of a municipal ordinance is involved is by the statute lodged exclusively in the Supreme Court, the law is contrary to the contention of appellee. In *Village of Lake Zurich v. Deschauer,* 310 Ill. 209, in a proceeding where the validity of a municipal ordinance was in question, and the appeal taken directly to the Supreme Court without a certificate of the trial judge that the public interests so required, the court, on page 210, in construing the provisions of the former Practice Act upon the subject, of which said section 75 of the Civil Practice Act is substantially a re-enactment, said: "Section 118 of chapter 110 of our statutes expressly limits the jurisdiction of this court to hear direct appeals from or writs of error to the circuit court where the validity of an ordinance is involved, to cases wherein the trial judge shall certify that in his opinion the public interests so require, or

wherein the decision as to the validity of the ordinance requires a construction of the constitution. The record contains no such certificate of the trial judge, and requires no construction of the constitution in the decision of the case." The court ordered the cause transferred to the Appellate Court.

It is evident that instead of the Supreme Court having exclusive jurisdiction of the review of causes which involve the validity of municipal ordinances, its authority in such regard is limited to the two instances thus enumerated, and in other situations the appeal is properly taken to the Appellate Court.

As to the other ground assigned, namely, that the validity of the ordinance is involved under section 2 of article 2 of the constitution, which section is, "no person shall be deprived of life, liberty or property without due process of law," the motion does not set forth how or in what manner the ordinance contravenes such constitutional provision. We think it should assign some cause or reason for the contention, and that mere assertion in a pleading that such is the fact, is not sufficient, under the authority of *Beach v. Peabody,* 188 Ill. 75; *People ex rel. Greer v. City of Chicago,* 238 Ill. 146; *Iles v. Heidenreich,* 271 Ill. 480.

There is a further, and in our opinion, a fatal, omission in the motion. In order to give the Supreme Court jurisdiction of a direct appeal on the ground that the validity of an ordinance is involved, and where the record does not contain the certificate of the trial judge as provided by the statute, it is requisite that the question of the constitutionality of the ordinance be raised in the trial court. *Darley v. Thompson,* 299 Ill. 122; *Cleveland, C., C. & St. L. Ry. Co. v. McGrath,* 195 Ill. 104.

This court is not bound to go beyond the terms of the motion and inspect the record to determine whether such proposition was raised in the trial court. *Scholfield v. Pope,* 103 Ill. 138. The motion should, in itself,

314

be complete, and show with certainty that a question requiring a construction of the constitution was presented at the trial.

Here the motion does not aver that any question was raised in the trial court, that the ordinance was obnoxious to the constitution. For aught that appears the proposition may be now urged for the first time. In our opinion the motion should have shown, upon its face, that the question of whether the ordinance was in contravention of the constitution was raised in the trial court.

For which reasons the motion to dismiss the appeal is denied. Appellee will file his brief and argument within 20 days hereof, and appellant its reply brief within five days after the filing of such brief and argument on the part of appellee.

*Motion denied.*