In Re: Appeal from Passage of Ordinance 4354 of the City of Altoona, Pennsylvania. David L. Baird and Linda Z. Baird, His Wife, and Martin Goodman, Appellants.

Argued May 5, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate.

*Beth B. Croyle,* with her *Goodman, Notopoulos & Silverman,* for appellants.

*Paul S. Foreman,* for appellees, Howe, Schreiber, and Martin.

*N. John Casanave,* for appellee, City of Altoona.

OPINION BY JUDGE CRUMLISH, JR., August 4, 1976:

David L. Baird and his wife, Linda Z., together with Martin Goodman (Appellants) seek review in this Court from a final order of the court of common pleas which denied and dismissed, in part, their appeal from the passage of Ordinance 4354 by the Council of the City of Altoona (City) vacating the dedication of Kenyon Road to the City.[1]

Appellants contend ''that if certain authoritative acts by a municipality are sufficient to imply the ac-

---

[1] The order of the trial court provided: "Now, this 19th day of December, 1975, for the reasons set forth in the Opinion above, the instant appeal is dismissed and denied insofar as the vacation of Kenyon Road, from it's [sic] intersection with Ruskin Drive to the city line, is concerned. As to the portion of the 175-foot strip, known as Kenyon Road, which lies in Logan Township, the appeal is sustained and the city's Vacation Ordinance No. 4354 is declared to be invalid and of no effect."

ceptance of a street, then a reservation in an ordinance of vacation to do the very same acts from which courts have concluded an implied acceptance negates the intent to vacate.'' We disagree.

The proposition that a municipality, after accepting a dedicated road for all purposes, may vacate the road for purposes of public travel while maintaining a utility easement, is one of first impression.

After reviewing the record and the case law,[2] we have no doubt that Goodman dedicated Kenyon Road, ''[h]owever, like any contractual offer, it must be accepted by the municipality for the purpose offered in order to constitute a complete dedication''; *Tri City Broadcasting v. Howell,* 429 Pa. 424, 426, 240 A.2d 558 (1968), and we agree that the City accepted the dedication.

What we are confronted with here is whether the City, in vacating Kenyon Road, can reserve to itself an easement extending its length and width ''for the construction, maintenance and operation or reconstruction of utilities in, through, over or under the same.'' Phrased differently, did the City Council abuse its discretion by enacting the vacation ordinance? We will not inquire into the City's motives for the vacation but we will review its action to determine if it has abused its discretion. *Titusville Amusement Company v. Titusville Iron Works,* 286 Pa. 561, 134 A. 481 (1926).

In *Illinois ex rel. Greer v. City of Chicago,* 154 Ill. App. 578 (1910), the First District Appellate Court of Illinois[3] held that an ordinance vacating portions of

---

[2] For a synopsis of "Dedication" in Pennsylvania, *see Horsham Township v. Weiner,* 435 Pa. 35, 255 A.2d 126 (1969), and *Coffin v. Old Orchard Development Corp.,* 408 Pa. 487, 186 A.2d 906 (1962).

[3] The Supreme Court of Illinois remanded this matter to the First District Appellate Court. For the prior history of this case, *see People v. City of Chicago,* 238 Ill. 146 (1910).

a street which contained as a proviso the right to maintain sewer and water pipes was operative as to the vacation but invalid as to the reservation. In the case at bar, we have a similar situation. While we are not bound by the decision of the Illinois Court, we find its holding persuasive.[4] Ordinance 4354 is unequivocally an action by the City Council to vacate the road. If the City had wished to utilize the road for other purposes, it should have determined its needs before it passed the vacation ordinance containing the easement reservation. Being unable to reconcile this reservation with the City's clear intention of vacation, we hold that Ordinance 4354 is valid except as to the easement provided for in Section 2 of the Ordinance.

## ORDER

AND Now, this 4th day of August, 1976, the order of the Court of Common Pleas of Blair County is hereby affirmed except as to the easement provided for in Section 2 of Ordinance 4354, which is hereby declared invalid.

---

[4] *See generally* 11 E. McQuillen, Municipal Corporation, §30.185 (c) (3rd ed. 1969).

---

CONCURRING AND DISSENTING OPINION BY JUDGE BLATT:

I concur with the majority's decision that the City of Altoona (City) had the power to vacate Kenyon Road, Section 2915 of the Third Class City Code,[1] 53 P.S.§37915, and that here it did not commit an abuse of discretion or power in so doing. *See Larrecq v. Van Orden,* 21 Pa. Commonwealth Ct. 623, 346 A.2d 922 (1975). The reservation of the utility easement could

---

[1] Section 2915 of the Act of June 23, 1931, P.L. 932, *as amended,* provides that "[c]ities, with or without any petition of property owners . . . may vacate and discontinue [any street or any part thereof] whenever deemed expedient for the public good. . . ."

not restrict the City's power to specifically vacate Kenyon Road. *See Tri City Broadcasting Co. v. Howell,* 429 Pa. 424, 240 A.2d 556 (1968).

I must dissent, however, from the majority's reversal of the lower court's decision that Ordinance 4354 did not reserve a utility easement to the City. The question of whether a municipality acquires a fee simple title or an easement by a dedication of land depends upon whether the dedication is a common-law or a statutory dedication. 11 E. McQuillin, Municipal Corporation §33.68 (Rev. 3rd Ed. 1964). A common-law dedication occurs when the grantor makes an offer of dedication, for example by designating a street as a boundary in a conveyance, and the municipality manifests its acceptance of the offer and thereby acquires an easement in said land. *Tri City Broadcasting Co., supra; Versailles Township Authority v. McKeesport,* 171 Pa. Superior Ct. 377, 90 A.2d 581 (1952). A statutory dedication generally occurs where a plat or map of a subdivision is filed pursuant to a statute and such dedication generally passes title in fee to the property to the municipality. 11 E. McQuillin §§33.04, 33.69. In *Tri City Broadcasting Co., supra,* it was undisputed that the landowner offered to dedicate a 20-foot Way to the Township of North Versailles by designating such Way as a boundary line in three conveyances. The Township passed an ordinance which provided for the construction of a sanitary sewer through a 20-foot easement through the private land of the dedicator and our Supreme Court ruled that the Township had not accepted the 20-foot Way as a public road, but had accepted only an easement.

"An ordinance proclaiming that an easement over private lands has been donated to a township for the specific purpose of constructing a sewer line for the exclusive benefit of adjacent property owners is inconsistent with a finding that the township accepted

an implied offer to dedicate land for use as a public road." *Tri City Broadcasting Co., supra,* 429 Pa. at 428, 240 A.2d at 559.

It is clear that the Township there accepted a lesser property interest than that offered by the dedicator. It is also clear from the record here and from the opinion of the lower court here that the City accepted the dedication of Kenyon Road and the sewer system existing thereunder. The City, therefore, possessed a property right to use the land for public purposes, including the use as a public thoroughfare and for utility purposes. Analogizing from *Tri City Broadcasting Co., supra,* I believe that the City here could vacate its property rights in Kenyon Road as a public thoroughfare, while still retaining its right to a utility easement.

In *Illinois ex rel. Greer v. City of Chicago,* 154 Ill. App. 578 (1910), cited by the majority, a plat had been filed with the city of Chicago which indicated roads and alleys. The City, by ordinance, vacated a road and two alleys and further provided: (1) that the vacation was void if the property vacated was ever used for other than educational and religious purposes; and (2) that a pipe and sewer easement in said property was reserved to the City. The court there ruled that the ordinance was operative as a vacation, but added that both the "condition" and the reservation "were unauthorized by law and invalid." *Illinois ex rel. Greer, supra,* 154 Ill. App. at 583. In *Palisades Properties, Inc. v. Brunetti,* 44 N.J. 117, 139, 207 A.2d 522, 536 (1965), however, the Supreme Court of New Jersey held

"that a municipality has the power, and under certain circumstances the duty, to append a condition to a street vacation to assure that the land thus relieved of the public easement will be employed for the purposes upon which the municipality based its con-

clusions that it was for the general public interest. It follows that a municipality has as well the general power and such duty to append a condition to a street vacation when it is necessary to serve the general public interest.'' (Citation omitted.)

This New Jersey decision appears to be contrary to the holding of the court in *Illinois ex rel. Greer, supra,* and I believe that it casts serious doubt upon the persuasiveness of the Illinois decision relied upon by the majority.

I believe, therefore, that *Tri City Broadcasting Co., supra,* requires the affirmation of the decision of the lower court and that the ordinance in question here vacated Kenyon Road and validly reserved a utility easement to the City.