572 A.2d 246

**In the Matter of Taking by the Township of Indiana of Certain Property Located in Indiana Township, Allegheny County, Pennsylvania Being Property now Owned by James F. GAUS and Joanne C. Gaus, and Kenneth H. Bushman and Catherine V. Bushman.**

**Appeal of David H. PATTERSON, Mary M. Patterson, Robert L. Marsh, Sr., and Robert L. Marsh, Jr.**

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 1989.

Decided March 2, 1990.

Reargument Denied May 1, 1990.

David H. Patterson, Meyer, Darragh, Buckler, Bebenek, Eck & Hall, Pittsburgh, for appellants.

John G. Arch, with him, James H. Roberts, Pittsburgh, for appellees.

Before CRAIG and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

David H. and Mary M. Patterson, Robert L. Marsh, Sr., and Robert L. Marsh, Jr., (collectively, intervenors) appeal from an order of the Court of Common Pleas of Allegheny County which dismissed the preliminary objections filed by the Township of Indiana (Township) and intervenors. We reverse.

The facts of this case are as follows. James F. and Joanne C. Gaus and Kenneth H. and Catherine V. Bushman (collectively, condemnees), petitioned the trial court for an appointment of viewers following the Township's grant of easements to intervenors. The easements granted intervenors the right to place utility lines over and through the easterly portion of Ridgeland Drive. Condemnees allege that the easterly portion of Ridgeland Drive is no longer a public road but has reverted to them because of non-use of the easterly portion for over twenty-one years. The petition alleges that condemnees are entitled to compensation for the taking of this property by the Township.

Years prior to the Township's grant of the easement, all of Ridgeland Drive, including the easterly portion had been dedicated for public use by deed. On January 13, 1955, the Ottawa Hills subdivision plan (plan), which includes the

easterly portion of Ridgeland Drive, was approved by the Allegheny County Planning Commission. The Board of Supervisors of the Township (Board) approved the plan and it was recorded on January 31, 1955, with the Recorder of Deeds Office in Allegheny County at Plan Book Volume 55, Page 121. Subsequently, the frontage property owners of Ridgeland Drive petitioned the Board to take over and make Ridgeland Drive a public roadway. Township Resolution No. 38 formally accepted Ridgeland Drive as a public roadway. The Board then petitioned the Court of the Quarter Sessions of Allegheny County for approval of the acceptance in accordance with the existing provisions of the Second Class Township Code.[1] On December 1, 1955, the order approving the taking over of Ridgeland Drive for public use was filed. All of Ridgeland Drive was physically graded open.

Following condemnees' petition for the appointment of viewers, the Township and intervenors filed preliminary objections asserting that the easement had been properly granted because the easterly portion of Ridgeland Drive was Township property and that the condemnees were not entitled to compensation.

The trial court dismissed the preliminary objections based upon its interpretation of the Act of May 9, 1889, P.L. 173, 36 P.S. § 1961 (Act of 1889). The trial court stated that because the easterly portion of Ridgeland Drive "was not open to, or used by the public for twenty-one years next after the laying out of the same" the tract effectively reverted back to the abutting property owners (condemnees), thus, mandating compensation for the taking by the Township.

The intervenors now appeal to this Court,[2] asserting that the trial court erred as a matter of law in its interpreta-

1. Act of May 1, 1933, P.L. 103, 53 P.S. §§ 65101–67605.
2. Our scope of review of a trial court's decision is limited to a determination of whether constitutional rights have been violated or whether the trial court abused its discretion or committed an error of

tion of the Act and therefore, in dismissing the preliminary objections.

The Act of 1889 states that:

And street, land of alley, laid out by any person or persons in any village or town plot or plan of lots, on lands owned by such person or persons in case the same has not been opened to, *or* used by, the public for twenty-one years next after the laying out of the same, shall be and have no force and effect and shall not be opened, without the consent of the owner or owners of the land on which the same has been, or shall be, laid out.

(Emphasis added.)

■ The purpose of the Act of 1889 is aimed at relieving the land upon which streets have been dedicated by the owner, but not opened or used for twenty-one years, from the servitude imposed. *Quicksall v. Philadelphia,* 177 Pa. 301, 35 A. 609 (1856). The provision is actually a statute of limitations establishing a time period within which *public acceptance* of a dedication must occur. *Rahn v. Hess,* 378 Pa. 264, 106 A.2d 461 (1954). The trial court interpreted the Act of 1889 by analyzing case law which involved the application of implied acceptances of dedications.[3] Here, an *express acceptance* of the easterly portion of Ridgeland Drive occurred, forestalling the operation of the statute of limitation set forth in the Act of 1889. In addition to this express acceptance, evidence was presented that the easterly portion was, in fact, graded open and chips were placed down.

We believe the language of the Act of 1889 commences the running of the statute of limitations set forth in the Act of 1889 only where the township has not formally accepted the dedication *or* where no implied acceptance has occurred. The Act of 1889 specifically requires non-use *or* non-accept-

law. *Jenkins v. McDonald,* 92 Pa.Commonwealth Ct. 140, 498 A.2d 487 (1985).

3. *See Milford Borough v. Burnett,* 288 Pa. 434, 136 A. 669 (1927); *Quicksall,* 177 Pa. 301, 35 A. 609; *Borough of Lehighton v. Katz,* 75 Pa.Commonwealth Ct. 388, 462 A.2d 889 (1983); *Mynyk's Appeal,* 175 Pa.Superior Ct. 339, 104 A.2d 173 (1954).

ance. In this case, where the easterly portion of Ridgeland Drive was formally accepted and opened, a proper and formal vacation of this tract is required before it could revert to the abutting property owners.

Accordingly, the order of the Court of Common Pleas of Allegheny County is hereby reversed.

## ORDER

AND NOW, this 2nd day of March, 1990, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed.