611 A.2d 696

In the Matter of Taking by the Township of Indiana of Certain Property Located in Indiana Township, Allegheny County, Pennsylvania Being Property now Owned by James F. Gaus and Joanne C. Gaus, and Kenneth H. Bushman and Catherine V. Bushman,

David H. Patterson, Mary M. Patterson, Robert L. Marsh, Sr. and Robert L. Marsh, Jr., Intervenors.

Appeal of James F. GAUS and Joanne C. Gaus and Kenneth H. Bushman and Catherine V. Bushman.

Supreme Court of Pennsylvania.

Argued March 13, 1992.

Decided June 17, 1992.

134

John G. Arch, Pittsburgh, for appellants.

David H. Patterson, Meyer, Darragh, Buckler, Bebenek, Eck & Hall, Pittsburgh, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

McDERMOTT, Justice.

On October 4, 1988, appellants James and Joanne Gaus and Kenneth and Catherine Bushman filed a Petition for Appointment of Viewers, in which they alleged a taking of their property by the Township of Indiana. The alleged taking occurred following the grant by the Township of an easement for utility lines and accessories over land alleged to be in the ownership of appellants through operation of the Act of May 9, 1889, P.L. 173, No. 192, Section 1, 36 P.S. § 1961 (Act of 1889).

On November 23, 1988, the Township of Indiana filed preliminary objections to the Petition for Appointment of Viewers. On December 16, 1988, the adjacent landowners for

whose benefit the easement issued, David H. Patterson, Mary M. Patterson, Robert L. Marsh, Sr. and Robert L. Marsh, Jr., filed a Petition to Intervene, which petition was granted. The trial court dismissed the Township's preliminary objections based upon its interpretation of the Act, holding that the subject land had not been open to or used by the public for twenty-one years after it was laid out, that it reverted back to the abutting property owners (appellants), and therefore the Township was required to provide compensation. This decision was reversed by the Commonwealth Court. 132 Pa. Cmwlth 165, 572 A.2d 246. Upon petition we granted allowance of appeal.

The record discloses that the subject lot plan, the Ottawa Hills Plan of Lots, was recorded by the then owner of the property on January 31, 1955. Two of the intersecting streets in that plan, Indian Drive and Ridgeland Drive, were dedicated for use as public roads. Thereafter, on September 25, 1955, the Board of Supervisors of Indiana Township accepted the Plan subject to court approval, which approval was granted by order of court during the same year.[1]

From November, 1955, Indian Drive, which runs north/south was open to the public and maintained by Indiana Township, as was the westerly portion of Ridgeland Drive. The current dispute covers the easterly portion of Ridgeland Drive which runs from its intersection with Indian Drive to the intervenors' property, and between the properties owned by the appellants: a distance of approximately 163 feet. Although this portion of Ridgeland Drive was dedicated and formally accepted by the Township, the Township never installed curbing or paved the street, nor was the road placed in any condition for vehicles to drive on or through; in fact, the right of way was not used for vehicles at all.

The trial court found that there was no evidence presented which established that the easterly portion of Ridgeland Drive

1. This procedure was defined in the enabling statute in Sections 1140 and 1147 of the Act of May 1, 1933, P.L. 103, as re-enacted, revised amended and consolidated by Act No. 567, approved July 10, 1947, P.L. 1481 (53 P.S. 19093–1140 and 19093–1147), which is commonly referred to as the Second Class Township Code.

was "open to and used by the public." This finding was based on the fact that the evidence presented by the Township was found by the trial court to be insufficient to meet the Township's burden of proof.

On appeal, the Commonwealth Court reversed, holding first that the formal acceptance by the Township was sufficient to toll the statute, and second, that the easterly portion of Ridgeland Drive had been graded open and that chips were placed down and that this was sufficient public activity to support a conclusion that the street had been opened.

The latter holding was dependent upon the Commonwealth Court making findings of fact directly contrary to those of the trial court. Clearly, the trial court was in a better position to assess the credibility of witnesses, and to make factual determinations than was the Commonwealth Court. *See generally, Pidstawski v. South Whitehall Twp.*, 33 Pa.Cmwlth. 162, 380 A.2d 1322 (1977). On this point we must therefore reverse the Commonwealth Court's determination that there had been a physical opening of the easterly portion of Ridgeland Drive. We turn our attention then to the more difficult issue, i.e. whether the Township's action in accepting the dedication, which acceptance was court approved, was sufficient to avoid application of the Act of 1889.

■ The appellants argue that the Commonwealth Court erred in determining that the statute of limitations set forth in the Act of 1889 did not apply to this case due to the Township's formal acceptance of the dedication. In response the appellees argue that the appellants' reliance upon the Act of 1889 is misplaced, as the express acceptance requirements of the Second Class Township Code obviate the applicability of the Act of 1889.

The Act of 1889 provides in relevant part:

Any street, lane or alley, laid out by any person or persons in any village or town plot or plan of lots, on land owned by such person or persons in case the same has not been opened to, or used by the public for twenty-one years next after the laying out of the same, shall be and have no force

and effect, and shall not be opened, without the consent of the owner or owners of the land which the same has or shall be, laid out.

36 P.S. § 1961.

■ Generally, one who sets up the existence of a public highway has the burden of showing acceptance of the dedication by presenting clear and convincing evidence. *Milford Borough v. Burnett,* 288 Pa. 434, 136 A. 669 (1927). Acceptance may be established by either formal expression or may arise through implication. *Tri City Broadcasting Co. v. Howell,* 429 Pa. 424, 240 A.2d 556 (1968). Even where formal acceptance is shown to have been effected, such acceptance, in the absence of an actual opening or use, is not ordinarily sufficient to forestall the operation of the Act of 1889. *Philadelphia Electric Co. v. Philadelphia,* 303 Pa. 422, 154 A. 492 (1931); *Elliott v. H.B. Alexander & Son, Inc. et al.,* 41 Pa.Cmwlth.Ct. 184, 399 A.2d 1130 (1979); *Wynn Appeal,* 188 Pa.Super. 499, 149 A.2d 149 (1959).

As this Court stated in *Philadelphia Electric Co. v. Philadelphia,*

It has been definitely decided that, when a street has not been opened [accepted] within twenty-one years after it has been laid out, the statute puts an end to the public right in the land.

*Supra* 303 Pa. at 433, 154 A. at 496.

The appellees attempt to distinguish the *Philadelphia Electric Co.,* decision on the basis that the acceptance there was implied rather than formal. However, we found that the land there *was* formally accepted, but that formal acceptance without more was insufficient to avoid the effect of the statute. The formal acceptance consisted of the enactment of an ordinance placing the street on the city plan and another ordinance directing the street to be opened. Both formal administrative actions, in the absence of an actual physical opening, were deemed insufficient.

Here, although the street was formally accepted by the Township, it had not been opened; thus the Township's formal

acceptance standing alone could not serve to forestall the operation of the Act.

With regard to the appellees' assertion that the Act of 1889 does not apply due to the Township's formal compliance with the Second Class Township Code, this Court was called upon to decide a similar issue in *Rahn v. Hess*, 378 Pa. 264, 106 A.2d 461 (1954). There the plaintiffs sought to evade the scope of the Act of 1889 by arguing that it only applied to municipal authorities, and therefore did not affect an implied covenant that streets appearing on a subdivision of lots be always open to public use. The lot owner there had contended that he could enforce the implied covenant despite the statutory limitation. In addressing the issue this Court stated:

If we were to adopt the plaintiffs' reasoning, the purpose of the Act would readily be defeated. Its purpose was to relieve land upon which streets have been laid out by the owners, but not used, from the servitude imposed [citation omitted]. The enactment is actually a statute of limitation applicable to any and all seeking to assert the public character of a street, be they municipal authorities or the individual lot owners.

*Id.*, 378 Pa. at 269, 106 A.2d at 463.

In addition, although the Code section relied upon by appellees describes express acceptance, another section of the Code, similar in intent to the Act of 1889, contemplates an actual physical opening within a defined time period. That section provides as follows:

Whenever proceedings have been heretofore or may hereafter be begun for the opening and laying out of any public road in any township, such public road shall be physically opened upon the ground for use by the public within the period of five years next after the completion of such proceeding, and if not so opened, or if no proceedings have been commenced to compel such opening in five years, then such proceedings shall be deemed to be void and of no effect, and the land proposed to be taken shall revert to the owners of the land, as in the case of the vacation of a public

road free of any easement or right of the public to use the same.

53 P.S. § 66111. Thus, the Second Class Township Code by its own terms, is contrary to appellees' position that mere formal acceptance by a township of the second class is sufficient to have the street remain "open" in perpetuity.

Accordingly, the order of the Commonwealth Court is reversed and the matter is remanded to the Court of Common Pleas of Allegheny County for appointment of Viewers.

ZAPPALA, PAPADAKOS and CAPPY, JJ., did not participate in the consideration or decision of this matter.